May Term, 1829.
_____

M'NEELY
v.
DRISKILL.

</div>

---

### M'NEELY *v.* DRISKILL.

*A.* made an affidavit before a justice of the peace, stating ·that he had lost certain goods, *which he believed were concealed in the possession of B.* The justice thereupon issued a warrant against *B.* for larceny. *B.* was arrested on the warrant and afterwards acquitted. *Held,* that *A.'s* affidavit contained no criminal charge, and that he was not therefore liable to *B.* in an action for a malicious prosecution.

APPEAL from the *Washington* Circuit Court.

SCOTT, J.—On the application and affidavit of *M'Neely* before *William Richards,* a justice of the peace of *Washington* county, a search warrant was issued; and the property described in the warrant was found in the possession of *Driskill.* The constable, as he was commanded, arrested *Driskill* and took him, with the property, before *Asher Wilcox,* another justice of the peace of said county; who, on hearing the cause, adjudged *Driskill* not guilty and discharged him. *Driskill* then brought an action on the case for malicious prosecution, and obtained judgment in the *Washington* Circuit Court; from which judgment this appeal is taken.

The appellant has assigned several reasons for reversing the judgment in this case, but one of which we deem it necessary to notice. The affidavit made by the appellant before *William*

<div style="text-align:right">

Saturday,
May 23.

</div>

May Term,
1829.

Richards, Esquire, did not authorise the justice to issue the warrant complained of. The following is the affidavit: "State of Indiana, Washington county, to wit. Be it remembered, that on the 24th day of December, 1827, personally came before me, William Richards, a justice of the peace of said county, Robert M'Neely of said county, and upon his oath solemnly saith, that he lost out of his enclosure, in Brown township in said county, five hogs, two sows and three barrows, within fifteen days last past; and that he believes that they, or a part of them, are concealed in the custody of Elisha Driskill, sen. of Brown township in said county. And further this deponent saith not.— Robert M'Neely." The action is brought for wrongfully and maliciously prosecuting the appellee on a charge of larceny. This affidavit shows a state of facts on which an action of trover might have been maintained, but it contains no charge of larceny against any person. The appellant had lost his property, and wished to recover it: he states that fact to a justice of the peace. The justice forms his judgment upon the facts stated: he issues his mandate to an officer to search for the property, and to bring the person, in whose possession it may be found, before himself or some other justice of the peace, &c. This was an error; but it is the error of the justice, and not of the appellant. And if a justice of the peace, by mistake of judgment, conceives an act to be felony which is not felony; and in consequence of that mistake, causes an innocent person to be arrested and imprisoned; the law will not hold the person who made the complaint responsible, in this form of action, for the consequences of such errors. 3 Esp. Rep. 165. The judgment must be reversed.

Per Curiam.—The judgment is reversed with costs.

   Thompson, for the appellant.

     Stevens, for the appellee.