May Term,
1846.

Cox
v.
Kirkpatrick.

*Per Curiam.*— The judgment is reversed with costs.
Cause remanded, &c.

*J. Ryman*, for the plaintiffs.

*G. Holland*, for the defendant.

## Cox v. Kirkpatrick.

In a declaration for malicious prosecution, an allegation that the defendant
"falsely and maliciously, and without any reasonable or probable cause,
charged the plaintiff with having feloniously stolen a certain horse of the de-
fendant's," is sufficient to show that the crime of larceny was imputed to the
plaintiff, and that the justice before whom the charge was made, was autho-
rized to issue a warrant against him.

APPEAL from the *Tippecanoe* Circuit Court.

Wednesday,
May 27.

DEWEY, J.—This was an action for a malicious prosecu-
tion. General demurrer to the declaration sustained, and
judgment for the defendant.

The only part of the declaration objected to is that which
alleges the manner of laying the complaint against the plain-
tiff before the justice. It is as follows, that the defendant
"falsely and maliciously, and without any reasonable or
probable cause, charged the said plaintiff with having felo-
niously stolen a certain horse of the defendant's."

It is contended the charge does not describe any criminal
offence, and did not authorize the justice to issue a warrant,
and that therefore the action cannot be sustained.

There is no foundation for the objection. The crime of
larceny is substantially described and imputed to the plain-
tiff. The technicalities in describing the offence, which
would be requisite in an indictment, are not necessary in a
complaint laid before a justice of the peace, for the purpose

of procuring the arrest of the accused person. This is shown by a reference to the books of forms and reported cases, which fully sustain the form of the complaint in this case. 2 Chitt. Pl. 607.—2 Chitt. Pr. 568.—*Tempest* v. *Chambers*, 1 Stark. R. 67.—*Davis* v. *Noak, Id.* 377.—*Elsee* v. *Smith*, 1 D. & R. 97. The case last cited not only sanctions a more general description of the offence than that contained in the record, but seems to establish the doctrine, that if a magistrate illegally grant a warrant upon an insufficient complaint, an action will lie against the person who procures the warrant, if his charge be maliciously made, and without reasonable or probable cause. We have, however, no occasion to settle that point at present, as we conceive the charge as above stated to be sufficient to authorize the warrant and arrest. The demurrer should have been overruled.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Mace* and *A. M. Crane*, for the appellant.

*R. C. Gregory*, for the appellee.