Lipscomb, J.
This cause comes before us on an appeal from the district court of Montgomery county. The suit was instituted by the appellee against the appellant for a malicious prosecution. The petition states that the plaintiff had been tried on the indictment and fully acquitted by the verdict and judgment of the court.
The plaintiff recovered judgment and the defendant appealed.
It appears from the bills of exception that the defendant-offered Benjamin C. Goodrich, an attorney of the court, as a witness, to prove that before he had taken any steps whatever in relation to the indictment for hog stealing, mentioned in the petition, he had taken the legal advice of the said Goodrich in reference to the matter, and interrogated said witness, as to what advice he had given him, which *(351) was objected to by the plaintiff’s counsel and the objection sustained by the court.
It is well known that great latitude is allowed a defendant in refuting the presumption of malice when it has been raised, but when he undertakes to show probable cause, it must be done by facts, from which a reasonable presumption of felony can be inferred. If probable cause be shown, it is a good defense to the action, even if there should be malice. In this case the burthen of proof was on the plaintiff to show a want of probable cause, because an indictment has been found by the grand jury. If he had shown facts from which the conclusion to be drawn was a want of probable cause, that could only be rebutted by other paramount facts. Mr. Starkie lays down the rule as to taking the advice of counsel in the following language: “The defendant may give in evidence any facts which show that he had probable cause for prosecuting, and that he acted hona fide upon that ground of suspension. It is no answer to the action that the defendant acted upon the opinion of counsel, if the statement of facts upon which the opinion was founded was incorrect, or the opinion itself unwarranted.” 2 Stark, p. 495. It would appear then, that the opinion of counsel would have been no defense, and might be rejected. If the facts stated to the counsel were true, and such as justly raised a suspicion of felony, such proof would have shown probable cause without the opinion of counsel; and if not true, or not amounting to what would have established probable cause, no additional weight could be imparted by the advice of an attorney. The question is not well stated in the bill of exceptions, but we infer from it that the objection was to the advice of the attorney, and from authority it was well taken. The judgment must therefore be affirmed.