STEEL *v.* WILLIAMS.

A complaint for malicious prosecution is bad on demurrer unless it show that the prosecution against the plaintiff had ended in his acquittal.

But a complaint, averring that the defendant appeared before a justice, and on affidavit charged the plaintiff with having taken or stolen a breast chain, of the value of 50 cents, and procured the justice to issue a warrant against him, and maliciously, &c., caused and procured him to be arrested and imprisoned twelve hours, although bad as a complaint for malicious prosecution, is sufficient as a complaint for trespass.

In such case it would be improper to instruct the jury, that, unless they found that the prosecution had been determined by the acquittal or discharge of the plaintiff, they should find for the defendant.

To render error in the refusal to reject evidence below available in this Court, it must appear from the record that such error was assigned as a cause for a new trial.

Where the requisite transcript of a Court of Conciliation had been procured, and produced on a former trial of a cause, and filed with the papers, and, upon a second trial, could not be found among the papers, or elsewhere, this will be sufficient to establish its loss, and allow parol evidence of its contents.

APPEAL from the *Posey* Common Pleas.

DAVISON, J.—*Williams*, who was the plaintiff, sued *Steele* in the *Gibson* Common Pleas, for malicious prosecution, and recovered a judgment for 500 dollars. An appeal was taken to the Supreme Court, where the judgment was reversed and the cause remanded for further proceeding. See 13 Ind. pp. 73, 74. Upon the entry of the reversal on the records of the *Gibson* Common Pleas, the defendant moved for and obtained a change of venue to the *Posey* Common Pleas. In the last named Court the plaintiff, by leave, &c., filed an amended complaint in two counts. Defendant demurred to each count.

VOL. XVIII.—11

To the first the demurrer was sustained, but to the second it was overruled.

The second count alleges, that defendant, willfully and maliciously intending to injure the plaintiff in his person, good name, fame and credit, on the 6th of August, 1857, went and appeared before *Holly Crawford*, a justice of the peace, and then and there, before said justice, made oath to and filed an affidavit in these words : "*James Steel* swears that he verily believes that *Wm. Williams* has, within the last 18 months, or thereabouts, taken or stolen from him, *Steele*, one breast chain worth 50 cents, it being in *Gibson* county, *Indiana*, that the depredation has been committed that is complained of, dated *August* 6, 1857." (Signed,) "*James Steel.*" "Subscribed and sworn to before me the day and date above mentioned." (Signed,) "*Holly Crawford*, J. P.," and then and there willfully, and without probable cause, procured and caused said *Crawford*, as such justice, to issue a certain writing, purporting to be a warrant for the arrest of said plaintiff; which reads thus: "State of *Indiana*, *Gibson* county, *Sct*: State of *Indiana*,—To any constable of said county: You are hereby commanded to arrest *William Williams* and bring him forthwith before me, at my office, to answer to the charge of having, at said county, within the last 18 months past, taken or stolen one breast chain from *James Steel*, at said county, as *James Steel* has complained on oath, and have you then and there this writ. Dated *August* 6, 1857." (Signed,) "*Holly Crawford*, J. P., [SEAL]." And the defendant maliciously and without probable cause, caused and procured one *John Q. A. Steel*, then acting as constable, to arrest the plaintiff, and said constable, pretending to act by authority of said writing purporting to be a warrant for the arrest of said plaintiff, did by the procurement, and at the special instance of the defendant, arrest the plaintiff, and did take him before said *Holly Crawford*, as justice as aforesaid, to answer the pretended charge

Steel *v.* Williams.

in said affidavit contained. And did, by the procurement of the defendant, maliciously restrain the said plaintiff of his liberty for the space of at least 12 hours, without any probable cause whatever. To the plaintiff's damage 999 dollars.

Defendant's answer to the second count of the complaint consists—1. Of a general traverse. 2. That the cause of action did not accrue within two years, next before the filing of said count. Demurrer to the second paragraph of the answer sustained. Verdict in favor of the plaintiff for 775 dollars. And the court, having refused a new trial, rendered judgment, &c.

It seems to us that the second count, to which the demurrer was overruled, makes no case for malicious prosecution, because it fails to show that the prosecution against the plaintiff had ended in his acquittal. 1 Chitty's Pl. 679, 680; 3 Phil. Ev., 4th Am. ed., pp. 567, 568.

But the appellee contends that the pleading in question, though it is defective as a count for malicious prosecution, contains a sufficient charge of trespass, and that the demurrer was, therefore, not well taken. The facts alleged are, that the defendant, without any probable cause, appeared before the justice, filed an affidavit charging the plaintiff with having taken or stolen a breast chain of the value of 50 cents, procured the justice to issue a warrant, upon the affidavit, against the plaintiff, and maliciously, &c., caused and procured him to be arrested and imprisoned 12 hours. The affidavit, being in the disjunctive, "taken or stolen," charges no criminal offence. 2 R. S. 497, sec. 2; *McNeely* v. *Driskill*, 2 Blackf. 259; *Turpin* v. *Remy*, 3 *id.* 210. And this being the case the justice had no right to issue the warrant; it was void process; void on its face, because it recites the defective affidavit upon which it was based, and all who were directly engaged in its procurement or execution were trespassers. *Turpin* v. *Remy, supra*; 1 Chitty's Pl. 182, 183; *Wise* v. *Withers*,

3 Cranch. 331.   If the defendant had simply went before the justice and stated the facts of the case, and the prosecution was instituted entirely through the mistake of the justice, perhaps the law would not hold him at all responsible, but as to that point a decisive opinion is not given, nor is it deemed essential to a proper determination of this case, because, here the pleading charges affirmatively that the affidavit was made, the warrant issued, and the arrest took place, by the procurement of the defendant.   Our conclusion is, that the second count of the complaint " contains facts sufficient to constitute a cause of action" in trespass, and the result is, the Court, in overruling the demurrer, committed no error.

The causes for a new trial are thus assigned:   1. The verdict is not sustained by the evidence.   2. The Court refused instructions Nos. 1 and 3, named by the defendant.   3. The Court gave an improper instruction to the jury.   4. The damages are excessive.   The instruction given is not noticed in the appellant's brief.   It will not, therefore, be noticed in this Court.   See Rule 28, 4 Ind. p. ix.   The instructions refused are substantially the same, and are to the effect: "That the plaintiff can not recover, unless the jury are satisfied, from the evidence, that the prosecution, before *Holly Crawford*, the justice of the peace, had been determined by the justice, or by the Circuit Court of *Gibson* county, acquitting or discharging the plaintiff.

As we have seen, an action for malicious prosecution can not be maintained, unless the prosecution upon which the action is based has been ended in the plaintiff's acquittal. But the case before us, being a mere trespass for an arrest and imprisonment, without authority of law, the proposed instructions must be held inapplicable, and were, therefore, correctly refused.

The record shows that the defendant, upon the trial, moved to strike out certain evidence, but the motion was overruled,

Steel *v.* Williams.

and he excepted. This ruling is assigned for error, but that assignment is not available in this Court, because the action of the lower court upon the motion is not assigned as a cause for a new trial.

A question is raised as to who, the plaintiff or defendant, is liable for cost. It appears by the affidavit of *Alex. C. Donald*, the plaintiff's counsel, that prior to the commencement of this suit the defendant was duly notified to appear, at a time and place named in the notice, before the judge of the Court of Conciliation of *Gibson* county; that the plaintiff appeared before said Court, at the time and place mentioned, and affiant thinks the defendant also appeared, though he is not certain; that the parties failed to conciliate, and this affiant procured from *John Pitcher*, the judge of said Court, a transcript of the proceedings between the parties in the Court of Conciliation to be used on the trial of this cause. That upon a former trial thereof, in the *Gibson* Common Pleas, affiant did produce said transcript to the Court, and the same was then and there filed with the papers in the case, but it is not now among said papers, nor can this affiant state, nor does he know, where the same is or can be found. That he thinks he has seen said transcript since the return of the cause from the Supreme Court, but whether amongst the papers in the case, or elsewhere, he can not say. And that for these reasons he can not now, at the present trial, produce a transcript of said Court of Conciliation.

Upon this affidavit the plaintiff moved that he, plaintiff, recover of the defendant his costs of suit. Motion sustained and judgment accordingly rendered. Ordinarily, when a writing is lost or destroyed, the party who desires to do so will be allowed to give verbal evidence of its contents, and the question in such case, usually is, whether a proper foundation has been laid for the secondary evidence. In this instance the plaintiff had procured the requisite transcript, had

on a former trial produced it in Court, and filed it with the papers in the cause, and when desired for use, as evidence, it could not be found among the papers with which it had been filed. This, in our judgment, is sufficient to prove its loss, and, in sequence, to allow parol evidence of its contents. The motion was, no doubt, properly sustained.

The evidence given in the case is set out in the record. We have examined it carefully, and are of opinion that it fully sustains the verdict.

*Per Curiam.*—The judgment is affirmed, with 3 per cent. damages and costs.

*A. P. Hovey,* for the appellant.

*A. C. Donald,* for the appellee.