Shaul v. Brown.

SHAUL v. BROWN.

28 37
92 711

28 37
115 287

1. **Malicious prosecution: DEFECTIVE INFORMATION.** A person who maliciously and without probable cause prosecutes another upon a criminal charge, cannot avoid his liability, by showing that the indictment or information was insufficient or defective either in substance or form, as that the complaint upon which the plaintiff was arrested did not in law charge a criminal offense.

2. —— **BELIEF NO DEFENSE.** The mere fact that a person preferring a criminal charge against another, honestly believed the latter guilty of the offense charged, constitutes no defense for the former in an action against him for malicious prosecution. He must show such reasonable grounds of suspicion, supported by circumstances sufficiently strong in themselves as to warrant a cautious man in such belief, before he can make it a shield for his action.

3. —— **PROBABLE CAUSE.** The question of probable cause in an action for malicious prosecution is not purely a question of law to be found by the court from the facts proved, but the jury may be instructed as to what constitutes probable cause in law, and left to apply the facts thereto, and to find therefrom whether such probable cause is proved. The question is not different in principle nor in its practical application from other questions of law resting upon facts to be found by a jury.

4. **Evidence: DEPOSITION IN PREVIOUS CASE: NOTICE.** To render admissible a deposition taken in a previous cause between the same parties in relation to the same subject-matter, no prior notice to the opposite party that it would be introduced, is necessary.

*Appeal from Wapello District Court.*

MONDAY, OCTOBER 11.

ACTION for malicious prosecution. It appears that Shaul sold to Brown a female dog and received therefor six dollars in money; Shaul also claimed that he was to have the choice of the female pups from the first litter the said female dog should bear; this claim Brown denied. The said female dog bore her litter and Shaul in due time called for his female pup. Brown apparently conceding his claim to a female pup sought to avoid his choice by evasively leaving his presence and going to his own barn and selecting from the litter the one he preferred to part with, and then taking it to his place of business, where he had just before left Shaul. But in the mean time Shaul, ignorant of what Brown was doing, had left; but before he went home, some two miles in the country, he went to Brown's house and told his wife that he had come for the pup that he was to have, and thereupon Mrs. Brown informed him that the dogs were in the barn. Shaul went to the barn and took his choice of the female pups, exhibited it to Mrs. Brown, and took it home. Brown came home, shortly after, and learned these facts; and thereupon went to a magistrate's office and filed an information on his oath accusing Shaul " of the crime of larceny * * * for that on, etc., he took, stole and carried away from the possession of said Brown a certain female pup dog of the value of about twenty-five dollars, contrary to the statute in such case made and provided, and against the peace and dignity of said State of Iowa."

A warrant was issued by the magistrate, placed in an officer's hands, and Shaul was arrested thereon. The examination was commenced and one or more wit-

nesses testified, when the case was adjourned two days. At the time fixed by the adjournment, Shaul appeared for trial; but the attorney for the State saying that he was satisfied there was no criminal intent, asked to dismiss the case. The magistrate ordered accordingly.

This action is brought by Shaul against Brown to recover damages for that criminal prosecution, alleging that it was malicious and without probable cause. The cause was tried to a jury which found a verdict for plaintiff for four hundred dollars. Motion for new trial being overruled and judgment entered on the verdict, the defendant appeals. The further necessary facts are stated in the opinion.

*Hendershott & Burton* for the appellant.

From the argument of appellant's counsel the following points are extracted:

1. Dogs are not the subject of larceny, and hence the charge did not impute any criminal offence, and the plaintiff, in addition to the proof of want of probable cause, should also aver and prove *express malice*. The charge is only a trespass, not a crime, and the ordinary rule in regard to malicious prosecutions does not apply. 1 Hill. on Torts, 476–477, note; 2 Hill. 499; 18 Ind. 161; 2 Blackf. 259; 3 id. 210.

Dogs are not subjects of larceny. 1 G. Greene, 106; 2 Russ. on Crimes, 85; 2 Bishop, 684.

2. The second and third instructions asked by defendant should have been given, nor were they in substance given by the court. If defendant's belief was honestly entertained, that fact is evidence of want of probable cause. 2 Denio, 617.

3. The fourth instruction asked and refused is law. The first part of the instruction is substantially given.

The malice which should be shown is not general malice but particular malice, *actual malice, malice in fact*, toward the defendant in the criminal prosecution. Hence the motive of the prosecutor should be to injure the accused. If that character of malice does not exist, then actual malice does not exist. 6 Bing. 186; 11 Iredell, 260.

4. The fifth instruction asked and refused is law. The motive with which any act is done should be examined. If a bad motive exists, it is no worse in the hasty man than the deliberate one. If no bad motive exists, the man who acts impulsively is as good as the man who is more guarded. In punishing, the intent should be examined. 33 Maine, 331.

5. The sixth instruction asked and refused should have been given. The malice should be malice in fact; malice directed toward the accused; a desire to do him injury. "In this proceeding there is no such thing as malice in law, as there is in slander." 11 Iowa, 124; 8 Blackf. 523.

6. The question of probable cause is a question of law for the court, and the court should not have left any thing to be guessed by the jury. 2 Iowa, 393; 4 Sandf. 450; 6 Barb. 83; 3 E. D. Smith, 255.

7. The ninth instruction is palpably erroneous. It is not in accordance with any authority. If there is one fact better settled than another in this class of cases, it is that the question of probable cause is a question of law for the court, and the jury have nothing to do with it. If the facts are disputed, then the jury may find the facts; but the court must not leave it to the jury to say what evidence is sufficient to show want of probable cause. In this instruction the court does that very thing. It concedes the entire question to the jury. 1 Hill. on Torts, 249–509, note; 9 Com. B. 141; 2 Duer, 261.

8. The thirteenth instruction is not law. The court again leaves it to the jury to judge of the sufficiency of the facts and circumstances to establish probable cause, and again they are told : "And if you find that no probable cause in fact existed, and that defendant failed to use such precaution, etc., you may infer malice from such want of probable cause." 2 Duer, 261; 33 Maine, 331. Again the jury are told, that if the prosecution was commenced *wantonly or rashly*, the law presumes malice. In this action the law never presumes malice. Malice is a question of fact for the jury, not a presumption of law. A man may do an act rashly without its being malicious. The most the court should have told the jury was, that from such rash act, if found, they might infer malice. The act might be a rash one, and yet all the circumstances show that the prosecutor had no malice toward the accused. 11 Iowa, 124 ; 2 id. 393 ; 2 Seld. 384; 8 Blackf. 523 ; 2 Duer, 261 ; 33 Maine, 331.

*H. H. Trimble* and *W. W. Corey* for the appellee.

Brief not found on the reporter's file.

Cole, J.—The questions made in this case arise upon

1. MALICIOUS PROSECUTION: defective information. the instructions given and refused. They may all be resolved into, and fully decided under, the three following propositions :

I. It is claimed by appellant's counsel, that dogs are not the subjects of larceny, and therefore the information did not, when taken together, charge or accuse the plaintiff in this action with any criminal offense; and thereon is based the claim, that since no criminal offense was charged, the plaintiff must prove *express malice* as contradistinguished from that malice which the jury may infer from want of probable cause. This theory was ignored in the instructions given by the court, while it

was embraced in those asked by the defendant and refused.

We do not find it necessary to decide, in determining this case, whether or not dogs are the subjects of larceny in this State; *sed vide*, as bearing on this question, *State* v. *Warren*, 1 G. Greene, 106; *People* v. *Maloney*, 1 Parker (N. Y.) 593; *The State* v. *McDuffie*, 34 N. H. 523; 2 Bishop on Cr. Law, § 684. For, we *hold* that where there is a criminal prosecution, whether commenced by information or indictment, which distinctly charges a specific offense, if commenced maliciously and without probable cause, it affords the same ground of action upon the same proof, whether the statement of facts alleged to constitute the offense is sufficient or insufficient. In other words, that a party who maliciously and without probable cause prosecutes another upon a criminal charge, cannot in any degree avoid his liability, by showing that the information or indictment was defective or insufficient either in substance or form.

This must be so upon principle. The gist of the action is the criminal prosecution, instituted with malice and without probable cause, resulting in damage to the plaintiff, by depriving him of his liberty, injuring his reputation or putting him to expense. These concur in a prosecution upon an insufficient information the same as upon a sufficient one. It is possible the measure of damage in the one case may not be as great as in the other; but this has nothing to do with the essential elements of the cause of action. Nor does the case where the party prosecuted escapes conviction, because of such defect or insufficiency, have any bearing on this question, since that matter is to be considered in determining the fact of probable cause. *Sears* v. *Hathaway*, 12 Cal. 277.

Our attention has been called to some of the following cases as supporting the theory of the appellant's counsel.

*McNeely* v. *Driskill* (2 Blackf. 259); but in this case the defendant did not make any criminal charge against any one; he simply filed his affidavit and application for a search warrant, showing that he had lost certain hogs, and that they were concealed by Driskill, but did not charge any one with stealing them, or allege that they were stolen. The justice of the peace issued the search warrant, and also a warrant or order for the arrest of the party in whose custody the hogs should be found. The court held that the issuance of the warrant for the arrest was an error of the justice, and for which the defendant could not be held liable in an action for malicious prosecution. This case therefore does not support the appellant's theory. The same doctrine was held in *Farlie* v. *Danks*, 30 Eng. L. and Eq. 119. In *Turnin* v. *Remy* (3 Blackf. 210), the declaration failed to show that the prosecution was before any court or judicial officer, or that the plaintiff was arrested under any legal process or by any officer, and the court *held* that an action for malicious prosecution can only be supported for the malicious prosecution of some legal proceeding before some judicial officer or tribunal; if the proceedings complained of are extra-judicial, the remedy is trespass. But see *Morris* v. *Scott*, 21 Wend. 281; *Stone* v. *Stevens*, 12 Conn. 219; *Hays* v. *Younglove*, 7 B. Monr. 545. In *Steel* v. *Williams* (18 Ind. 161), the declaration failed to aver that the prosecution was ended by the acquittal of the plaintiff; the court, therefore, held it insufficient as a declaration for malicious prosecution; but it appearing from the declaration that the affidavit made by the defendant, upon which the justice issued a warrant for the arrest of plaintiff, did not charge any criminal offense, the warrant was held void and the declaration good in trespass, to which action the justice who issued, and those who procured, the warrant were liable. The same

doctrine was also held in *Baird* v. *Householder*, 32 Penn. St. 168 ; per *contra*, see *Morris* v. *Scott*, 21 Wend. 281 ; 2 Greenl. on Ev. 449 and note 10. But these and the like cases do not support the claim of the appellant's counsel ; but they establish or recognize the doctrine that where the process of arrest is issued without authority, and is therefore void, the remedy of the party arrested is by an action for trespass and not for malicious prosecution ; but this is denied by Mr. Greenleaf and the cases from New York, Connecticut and Kentucky cited *supra*. But in this case there is no claim, and can be none, but that the justice of the peace who issued the warrant whereon plaintiff was arrested, had jurisdiction to do so upon the filing of the information.

In support of our holding in this case is the general current of authority. We need refer to but few of them. Prof. Greenleaf says : "Nor is it material that the plaintiff was prosecuted by an insufficient process   *   *   * for a bad indictment may serve all the purposes of malice as well as a good one ; and the injury to the party is not on that account less than if the process had been regular." 2 Greenl. on Ev. § 449, citing *Chambers* v. *Robinson*, 1 Stra. 691 ; *Anon.*, 2 Mod. 306 ; *Saville* v. *Roberts*, 1 Ld. Raym, 374 ; see S. C., 1 Salk. 13, etc. So, also, in the notes to *Munns* v. *Dupont et al.* (3 Wash. C. C. 31, also found in 2 Am. Lead. Cases, 200, *i. e.* 209), the same doctrine is stated, and to support the same are cited *Jones* v. *Gwynn*, 10 Mod. 214, 220 ; *Chambers* v. *Robinson*, 2 Stra. 691 ; *Wicks* v. *Fentham*, 4 Tenn. 247 ; *Pippitt* v. *Hearn*, 5 Barn. and Ald. 634, and *Anderson* v. *Buchanan*, Wright, 725.

In *Stancliff* v. *Palmeter* (18 Ind. 321), the court declined to decide whether the complaint on which the plaintiff had been arrested charged a criminal act, holding that whether it did or did not was wholly immaterial,

since the malice of the prosecutor, and the disgrace, vexation and expense of the prosecuted, are not measured by the sufficiency of the charge on which the prosecution is instituted. This is a well-considered case, and the authorities are liberally cited. The same is decided in *Collins* v. *Love*, 7 Blackf. 416; see also *Cox* v. *Kirkpatrick*, 8 Blackf. 37; see also 1 Hill. on Torts, 3d ed. 426, 427, and authorities cited.

The court charged the jury in substance that they must find that the defendant was actuated by malice in fact when he commenced the prosecution against the plaintiff; that they might infer malice from the want of probable cause, but they were not bound to do so; that they were not to infer malice from the mere fact of want of probable cause, but were to consider the facts and circumstances showing want of probable cause, and if they showed malice, then the jury might infer it from the want of probable cause thus shown. When these instructions are taken in connection with the evidence, which shows that the plaintiff had a claim to the animal alleged to have been stolen by him, about which he and defendant had conversation just before plaintiff took it, which was in the day time and in the presence and with the apparent assent of the defendant's wife; and also that the defendant himself testifies that his only object in commencing the criminal prosecution was to get back his pup, there remains no room for doubt that the defendant certainly has no ground for complaint in regard to the instructions upon the subject of malice.

II. It is next claimed by appellant's counsel that the defendant is not liable to this action, if the jury found 2. —— belief no that he honestly believed the plaintiff guilty defense. of the offense when he commenced the prosecution against him.

This cannot be the law. No man's liberties or rights can thus be measured by even the honest belief of another. The honest belief of a person commencing a criminal prosecution against another, in the guilt of the accused, is an essential element or fact for him in showing probable cause or in disproving the want of it; but he must also show such reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in that belief, before his belief can become his vindication or shield. If he should show such ground and circumstances, and yet it was apparent that he did not himself believe in the guilt of the accused, they would not protect him. *Bell* v. *Pearcy*, 5 Iredell, 83. Nor, on the other hand, would he be liable, if unknown to him, and beyond the range of inquiry by such cautious man there were facts which would negative or destroy that belief. The belief, therefore, of the defendant is a proper matter for inquiry in making out his defense, but does not of itself constitute a defense. *Winnebiddle* v. *Porterfield*, 9 Barr. 137; *Lawrence* v. *Lanning*, 4 Ind. 196; *Jacks* v. *Stimpson*, 13 Ill. 701; *Wills* v. *Noyes*, 12 Pick. 324; *Wood* v. *Weir*, 5 B. Monr. 544; *Hall* v. *Hawkins*, 5 Humph. 357; *sed vide contra*, *Collard* v. *Gay*, 1 Texas, 494; *Chandler* v. *McPherson*, 11 Ala. 916; this last case is modified by *Ewing* v. *Sandford*, 19 Ala. 625; S. C., 21 id. 164.

III. It is claimed that the question of probable cause is purely a question of law for the court, and that the judge trying the cause may not instruct the jury what is probable cause in law and leave them to find whether such probable cause is proved in the case, but he must collate all the facts proved and fairly inferable from the evidence, and instruct the jury whether or not they constitute probable cause.

No question has undergone more general discussion than the question of probable cause in actions for malicious prosecution. It is sometimes said to be purely a question of law for the court; and sometimes a mixed one of fact and law. See *Center* v. *Spring*, 2 Iowa, 393. Without entering at length into the discussion, we may remark that the question of probable cause in every case involves first the ascertainment of the facts from the evidence, and then the application of the law to the facts ascertained. This is precisely what is done in every case involving an issue of fact. Where the facts are conceded or few, or the evidence to establish them is brief, unquestioned and uncontradicted, the court has directly before it the basis upon which to rest its application of the law. But, where the facts are complicated and disputed, or the evidence to establish them is questioned and conflicting, the jury must find the facts, and of necessity the court must state the law as applicable to the facts hypothetically, that is, if the facts found shall be one way, the law is for plaintiff; if the other way, then for defendant, or the like.

The proper method, under our practice, of instructing juries in every case of complicated or disputed facts is this hypothetical way, by moulding the statement of the law to the peculiarities of fact developed by the proof and making its application practical to the case in hand, instead of stating abstract legal propositions. But the correct statement of one or more abstract legal propositions in relation to the questions involved in the case has never been held to be so erroneous as to justify a reversal therefor. The question of probable cause in an action for malicious prosecution is not different in principle nor in its practical application from other questions of law resting upon facts to be found by a jury, and which arise in the every-day practice of courts. The efforts of some courts (see *Buckley* v. *Smith*, 2 Duer, 261) to make

the question of probable cause *sui generis*, and to establish peculiar and impractical rules for its solution, unless rebuked and overturned, will lead to confusion and injustice in this class of actions.

In actions for malicious prosecution, as in other actions, it is desirable and proper to call the attention of the jury to the facts which the evidence tends to establish, as they may be claimed by the respective parties or otherwise, and to state the law applicable to such different hypotheses of fact. A general statement of the abstract propositions of law upon which the whole case rests would not, of course, be erroneous. But the moulding of the statement of the law to the particular facts of each case as disclosed by the evidence gives to the jury a more intelligible comprehension of the case, and hence leads to a more satisfactory verdict. This is substantially what is meant by most of the courts when they say that it is the duty of the judge to inform the jury if they find the facts to be proved, and the inferences to be warranted by such facts, that the same do or do not amount to probable cause, so as thereby to leave the question of fact to the jury and the abstract question of law to the judge. *Pariton* v. *Williams*, 1 Gale and Davidson, 504 ; S. C., 2 Ad. and El. (N. S.) 169 ; *Bulkley* v. *Keteltas*, 6 N. Y. (2 Seld.) 384 ; 1 Hill. on Torts, 438 to 444, and cases cited. To instruct the jury that if they find from the evidence that the defendant had probable cause (without stating what constitutes probable cause in law) to institute the criminal proceedings against the plaintiff, they should find for defendant ; or the converse of it, whereby the question of probable cause as a fact is left to the jury, is rightly held by all the authorities to be erroneous. Let us now turn from these general observations to the particular case before us.

The instructions are too long for insertion at length in this opinion. We can only copy those which are the leading instructions, and bearing directly upon the question of probable cause, remarking that the others are perfectly in accord and consistent with them. "Probable cause is a reasonable ground of suspicion, supported by circumstances sufficiently strong in themselves to warrant a cautious man in the belief that the person accused is guilty of the offense charged."

"The burden is on the plaintiff to show affirmatively, by circumstances or otherwise, that the defendant had no ground for the prosecution — no such reasonable ground for suspicion, sufficiently strong in itself — as to warrant a cautious man in believing that the plaintiff was guilty of the offense charged. You cannot infer want of probable cause from malice."

"If you find that the defendant, previous to the commencement of the prosecution, believed the plaintiff to be an honest man ; and find that the plaintiff and defendant, just before the taking of the pup in question by the plaintiff, disputed as to whether or not the plaintiff was entitled to the pup, the plaintiff claiming that he was, and the defendant denying it; and further find that defendant knew, when he commenced the prosecution, that plaintiff had taken said pup under a claim of right, and that he took it openly, and not secretly, in the day time, and without other suspicious circumstances, such facts would be evidence of want of probable cause."

"If, on the other hand, you find that the plaintiff took the pup in question secretly and without the knowledge of Brown and concealed the same ; and that such taking was, without any claim of right, known to Brown ; and find that those facts alone were known to Brown ; and that Brown made a reasonable effort to ascertain the facts of the case, and learned only the above ; and find that

Brown really believed that Shaul had stolen the pup, such facts would constitute probable cause."

" The question of probable cause does not depend on the question, whether Shaul was guilty in point of fact, nor whether Brown, in fact, believed him guilty; but the question is, were the facts and circumstances, within Brown's knowledge and upon which he acted, sufficient in themselves to raise a reasonable ground of suspicion in the mind of an ordinarily cautious man; and did Brown believe Shaul guilty."

It will be seen by these instructions that the court gave to the jury the definition or legal statement of what constitutes probable cause in law, substantially as given by Mr. Justice WASHINGTON in *Munns* v. *Dupont et al.* (3 Wash. C. C. 31); found also in 1 Am. L. C. p. 200, which has been often approved. And the court also informed the jury, that, if they found certain facts proved, such facts would show the want of probable cause; and if they found certain other facts proved, such facts would constitute probable cause. The court, therefore, complied with both phases of the rule as laid down in the various adjudicated cases found in the reports, and stated the respective rules substantially correct. See the case, following this, of *Smith* v. *Howard*.

Two minor questions are found in the record, though not pressed in argument. One arises upon the admission 4. EVIDENCE: de- of a deposition taken in a previous cause beposition in pre- vious case. tween the same parties in relation to the same subject-matter. The ground of objection is, that no notice, prior to the commencement of the trial, was given to the defendant by the plaintiff of his intention to offer the same in evidence. We know of no rule of law or court requiring such notice; nor has the counsel suggested that any such exists. We cannot hold that

there was any error, therefore, in admitting the deposition.

The other point is, that the verdict is excessive, it being for four hundred dollars. No sufficient showing for our interference with the verdict, on that ground, is made.

Affirmed.