## Yoe & Co. v. Nichols.

1. **Verification: ATTORNEY : COMPETENCY.** A pleading may be verified by an attorney who states in his affidavit that his knowledge of the facts therein set forth is better than that of the party himself, and that he knows the facts thus stated to be true. Why he knows the facts need not be set forth.

2. **Practice : FAILURE TO REPLY : UNLIQUIDATED DAMAGES.** A failure to reply will not entitle the defendant to a judgment upon a claim for unliquidated damages, it being requisite that such damages should be assessed by a court or jury.

*Appeal from Chickasaw Circuit Court.*

MONDAY, JUNE 9.

ACTION on an account for goods sold and delivered. The amount claimed was three hundred and thirty-eight dollars and forty-four cents. The petition was verified. In a verified amended answer the defendant pleaded a general denial, and that the goods were warranted to be first-class goods in

every respect, but the same were worthless; that defendant relied on the representations of plaintiffs, and was induced thereby to make the purchase; that the representations were false, and plaintiffs so knew; that the defendant purchased the goods to sell again, and he was damaged in the sum of two hundred dollars because they were not as represented; that he sold some of the goods and was compelled to take them back because of their being worthless, and in consequence thereof he lost a portion of his trade, and was thereby damaged in the sum of five hundred dollars. To such answer there was filed the following reply:

"Comes now the plaintiff in this cause and for reply avers the following facts: That as to the truth of the facts stated in the answer of defendant, on which affirmative relief is asked other than as a defense *pro tanto* to plaintiffs' claim, plaintiffs have no knowledge sufficient to form a belief and therefore deny them."

Which was verified as follows:

"I, Sam. Y. Kenyon, being duly sworn, on oath depose and say: I am one of the attorneys for the plaintiffs in this cause; that plaintiffs are a copartnership residing in Chicago, in the State of Illinois; that I have held no correspondence with plaintiffs since the filing of defendant's amended answer, and I believe they can have no knowledge of the facts stated therein, nor of the truth of said facts; that since commencing this action I have had sole charge of the same, and my knowledge of the facts and the truth of the facts stated in said answer is better than any knowledge thereof that plaintiffs could have; that I know the contents of the foregoing reply, and the facts stated therein are true as I believe.

"Sam. Y. Kenyon."

On motion of the defendant the reply was struck from the files because not properly verified, and the plaintiffs excepted. A jury was impanelled, and after the defendant had introduced some evidence he moved the court for judg-

ment on the pleadings for costs, which was sustained, and the plaintiffs excepted and appeal.

*Powers & Kenyon* and *Shiras, Van Duzee & Henderson*, for appellants.

*Hoyt, Ainsworth & Hobson* and *Get'ing Bros.*, for appellee.

SEEVERS, J.—I.  Did the court err in striking the reply from the files?  We must say we think it did.  It is provided by statute that "if the statements of a pleading are known to any other person than the party, such person may make the affidavit which shall contain averments showing affiant competent to make the same."  Code, § 2673.  Mr. Kenyon states in the affidavit that he "knows the facts therein stated to be true" as he believes.  This is the averment required by the statute, and when made affiant's competency has been shown.  Why he thus "knows" is not required to be stated. If one knows a fact he is competent to speak in reference thereto.  He may not in fact have any knowledge on the subject.  Nevertheless, if he testifies he has, his competency must be conceded.  *Rausch, Ex'r, v. Moore*, 48 Iowa, 611.

It is stated in the reply that plaintiffs have no sufficient knowledge of the matters alleged in the answer to enable them to form a belief as to the truth thereof, and Mr. Kenyon states in the affidavit that the reply is true as he believes.  This, it is said, is swearing to a belief of a belief, and is, therefore, insufficient.  The point would have had seemingly more force when section 4033 of the Revision was in force than now.

The plaintiffs have not sufficient knowledge to form a belief, and Mr. Kenyon, in the affidavit, states this to be true, as he believes.  We think this is sufficient in the absence of a statute providing otherwise.

II.  That a counter-claim was pleaded will be conceded, the damages claimed being two hundred dollars because the goods were not as represented or warranted, and five hundred dollars because of a loss of trade or business.

The motion for judgment for costs was sustained, we presume, because there was no reply controverting the counterclaim, which was, therefore, deemed admitted. By failing to reply every material allegation of the answer is deemed to be true. "But an allegation of value or amount of damage shall not be deemed true by a failure to controvert it." Code, § 2712.

The effect of the ruling of the circuit court was an arbitrary determination that the defendant had sustained damages in a sum equal to three hundred and thirty-eight dollars and forty cents, the amount of plaintiffs' account. This was done because the amount of damages claimed in the answer had not been controverted, notwithstanding the statute expressly provides such failure shall not have that effect. In this ruling there is error. Such damages, not being liquidated, must be assessed by either the court or a jury. Code, § 2872. Conceding the plaintiffs were in default, for want of a reply, still they had the right to appear and cross-examine the witnesses upon the assessment of damages. Code, § 2873.

REVERSED.