## NEWMAN v. DAVIS.

1. **Malicious Prosecution**: MISTAKE: LIABILITY OF COMPLAINANT. Where the complaint did not charge the commission of any specific offense, and the facts stated did not impute any crime, but the justice of the peace, by mistake of judgment, and thinking a crime was charged, caused the arrest of the party, the law will not hold the person who made the complaint responsible, in an action for malicious prosecution, for the consequences of such error.

*Appeal from Linn District Court.*

TUESDAY, JUNE 6.

THE plaintiff instituted a suit against the defendant, and stated his cause of action in his petition as follows: "That on the 5th day of August, 1880, before Wm. Perkins, a justice of the peace, within and for the township of Linn, in Linn county, Iowa, the defendant wickedly and maliciously, and without any probable cause, instituted a prosecution in the name of the State of Iowa, against said plaintiff for an alleged criminal offense, and before said magistrate, falsely, maliciously and with intent to injure, harass and oppress said plaintiff, made information on oath, accusing said plaintiff of using abusive language such as, ' you are a liar and thief,' and then and there maliciously and with intent to injure, harass and oppress said plaintiff, procured a warrant to be issued by said magistrate, and placed in the hands of William Brown, constable, directing and commanding him to arrest plaintiff for the alleged criminal offense. That afterwards, on the 9th day of the same month, the said constable, under and by virtue of said warrant arrested said plaintiff and took him before the said magistrate, whereupon the cause was continued to the 19th day of the same month, and plaintiff gave bond for his appearance on that day, and afterward, on the 19th day of August, 1880, the said proceeding was dismissed by the court. In the meantime, between his arrest and the

dismissal of said proceeding, the plaintiff was put to great trouble and expense in efforts to procure counsel and prepare for his defense.    That in consequense of the wrongful, wicked and malicious prosecution instituted against him, the plaintiff has sustained damages in the sum of two thousand dollars."

The defendant answered as follows: "That he did on or about the 5th of August, 1880, appear before one Wm. Perkins, a justice of the peace, and relate to said justice, truthfully, what had transpired between the plaintiff and this defendant, to-wit: ' that the plaintiff had called this defendant a liar and a thief;' whereupon the said Wm. Perkins, as such justice of the peace and in his official capacity, caused to be written out an information, and informed this defendant that a crime had been committed by the plaintiff, and the criminal laws of the State violated, and that it became necessary for the defendant to sign said information, which advice and counsel he believed to be true, and relied upon the same, and whatever he did in the premises he did in good faith and without malice, and upon the express advice and direction of said justice of the peace, and upon a full and truthful statement of the facts in the case and in no other manner." Upon the trial the court struck out all of the plaintiff's testimony, and directed the jury to return a verdict for the defendant. The plaintiff appeals.

*C. W. Kelper* and *J. B. Young*, for appellant.

*J. C. Davis*, for appellee.

DAY, J.—From the testimony of Wm. Perkins, the justice of the peace before whom the proceedings in question occurred, it appears that the defendant did not in fact sign or file any information.    He simply stated and swore to the facts, and the justice entered them upon his docket.    The docket of the justice was introduced in evidence, and so far as pertains to this case, is as follows: " On this 5th day of August, 1880, information be-

1. MALICIOUS prosecution: mistake : liability of complainant.

ing laid before me under oath by Wm. Davis, against the defendant, accusing him of the crime of using abusive language, such as 'you are a liar and a thief,' whereupon I issued a warrant for the arrest of defendant, and delivered it to Wm. Brown for service. * * * * Warrant returned as follows: Served the within warrant by reading it to him and bringing the defendant into court. August 9th, 1880, defendant gave a bond to appear the 14th day of August, 1880, at one o'clock, Norwood School-house, in District No. 5, in Linn township. The plaintiff withdraws the suit."

The defendant, in his statement to the justice, did not charge upon the plaintiff the commission of any specific offense, nor do the facts stated impute any crime. The appellee insists that for this reason the court properly struck out the evidence and directed the jury to find for the defendant. The plaintiff relied upon *Shaul v. Brown*, 28 Iowa, 37. In that case, however, a distinct offense, namely, the crime of larceny was charged. If there was any defect in the information it was in that the facts stated, as constituting the crime, did not amount to the crime of larceny. In this respect, that case differs from the case at bar, and differs from *McNeely v. Driskill*, 2 Blackf., 259; and *Farlie v. Danks*, 30 Eng. L. and Eq., 119, which it cites and distinguishes.

It is clear from the petition that the gravamen of the plaintiff's cause of action is the wickedly and maliciously instituting a prosecution against the plaintiff charging him with the commission of a crime. The case of *McNeely v. Driskill*, 2 Blackf., 259, is in its material facts exactly like the present, and the decision is directly in point. In that case it is said: " If a justice of the peace, by mistake of judgment, conceives an act to be a felony which is not a felony, and in consequence of that mistake, causes an innocent person to be arrested and imprisoned, the law will not hold the person who made the complaint responsible in this form of action, for the consequences of such errors." *Leigh v. Webb*, 3 Esp. Rep., 165, announces the same doctrine. In

our opinion the court did not err in striking out the evidence and directing a verdict for the defendant.

AFFIRMED.