SEARLE V. RICHARDSON.

1. **Pleading and Practice**: VERIFICATION OF PLEADING BY ATTORNEY: COMPETENCY. An attorney for defendant is competent to verify statements in an answer, the truth of which he shows that he has heard the plaintiff admit; but his knowledge that certain other facts pleaded in the answer were adjudicated between the parties in a former trial does not qualify him to verify the statement of such facts.

2. **Deposition**: USE OF IN OTHER CAUSE BETWEEN SAME PARTIES: WHAT NECESSARY TO SUCH USE. Depositions which have been regularly taken in one cause may be used on the trial of another cause between the same parties or their privies; but in such case the parties have the same right to except to them, or move for their suppression, as though they had been taken in that cause; and in order that they may have an opportunity to avail themselves of this right, it is necessary that the depositions be filed in the cause, or leave to use them obtained, before the trial is begun. See Code, § 3751. *Shaul v. Brown*, 28 Iowa, 37, decided under a different statute, distinguished.

3. **Evidence**: PLEADINGS AND JUDGMENT IN FORMER TRIAL: IDENTITY OF PARTIES: ORDER OF INTRODUCTION. The order in which evidence should be introduced is a matter within the discretion of the trial court, and that discretion was not abused in this case by allowing the introduction of the pleadings and judgment in another case, without *first* establishing the identity of the parties and rights involved.

*Appeal from Poweshiek Circuit Court.*

WEDNESDAY, OCTOBER 21.

ACTION ON A PROMISSORY NOTE. Defendant answered that he signed said note as surety for Thomas Richardson, and that without his knowledge or consent plaintiff, for a valuable consideration paid by the principal debtor, agreed to extend, and did extend, the time of payment of said note for one year, whereby he was discharged. In an amendment to his answer, subsequently filed, he alleged that in a cause in the district court of Poweshiek county between the same parties, in which the same issue was involved, it was judicially determined that plaintiff had agreed with said Thomas Richardson, for a valuable consideration, to extend the time of

payment of said note for one year. The judgment of the circuit court was for defendant. Plaintiff appeals.

*Winslow & Varnum*, for appellant.

*Haines, Lyman & Howell*, for appellee.

REED, J.—I. The petition was duly verified. There was attached to the original answer the affidavit of one of the attorneys who appeared for defendant, in which

**1. PLEADING and practice: verification of pleading by attorney: competency.** he swore that he appeared as attorney for defendant in an action brought by plaintiff on the same promissory note, in which it was judicially determined that plaintiff did, for a valuable consideration, extend the time of payment of said note to Thomas Richardson, and that on the trial of said cause plaintiff admitted that this defendant was surety on the note, and that her agreement with Thomas Richardson was made without defendant's knowledge or consent. After reciting these facts, the affidavit concluded with the following statement: "Wherefore the affiant says he has personal knowledge of the matters alleged in the foregoing answer, and of the allegations therein contained, as I verily believe." Plaintiff filed a motion to strike the answer from the files, on the ground that it was not properly verified. This motion was overruled, and this ruling is assigned as error. The petition being verified, all subsequent pleadings were required to be verified also. Code, § 2669.

It is provided by section 2673 of the Code that "if the statements of a pleading are known to any person other than the party, such person may make the affidavit, which shall contain averments showing affiant competent to make the same." The question raised by the motion is whether it is shown by the averments of the affidavit that the attorney was competent to make it. It has been held that the competency of the affiant may be shown by a general averment that the affiant has knowledge of the statements of the plead-

ing, and knows them to be true. *Yoe v. Nichols*, 51 Iowa, 330; *Rausch v. Moore*, 48 Id., 611. The affidavit in question, however, contains no such general averment. The allegation is that for the reasons stated the affiant has personal knowledge, etc. That is, he knows that certain statements in the answer are true, because plaintiff admitted their truth on the former trial; and he knows that another statement is true, because the court determined in another proceeding that it was true. Affiant was undoubtedly competent to verify those statements in the answer, the truth of which plaintiff had admitted in his presence; and if the former adjudication had been pleaded in the pleading which he undertook to verify, he probably would have been competent, by his knowledge of the fact of such adjudication, to verify that statement also. But it was the fact which he swears was adjudicated, and not the adjudication, which was pleaded. And we think his knowledge of the adjudication alone does not render him competent to verify the statement of the fact. The motion, therefore, should have been sustained.

II. On the trial defendant offered to read certain depositions which had been taken in another cause between the same parties in the district court. Plaintiff objected to the reading of these depositions, on the ground that they were not taken in this cause, but had been taken in a cause pending in another court. The objection was overruled, and the depositions were read in evidence. As we understand the record, the depositions had never been filed in this cause, and no application had been made before the trial for leave to use them on the trial, and the first notice or intimation which plaintiff had that they would be used was during the progress of the trial, when defendant offered to read them. That depositions which have been regularly taken in one cause may be used on the trial of another cause between the same parties or their privies is well settled. 3 Greenl. Ev., § 326;

*2. DEPOSITION: use of in other cause between same parties: what necessary to such use.*

*Shaul v. Brown,* 28 Iowa, 37; *Atkins v. Anderson,* 63 Id., 739. But we are very clear that under our practice a party should not be permitted to use depositions on the trial of one cause which have been taken in another, without having filed them in the cause in which he proposes to use them, or obtaining leave before the commencement of the trial to so use them. It is provided by section 3751 of the Code that, when depositions are filed in any cause, the clerk shall at once notify the parties that they are so filed, and that no exceptions to depositions, other than for incompetency or irrelevency, shall be regarded, unless made by motion filed by the morning of the second day of the first term after the depositions have been filed by the clerk, provided they have been filed three days prior thereto; or, if they are afterwards received during the term, such motion must be filed by the morning of the third day after they are filed, and all motions to suppress depositions must be filed before the cause is reached for trial.

When it is proposed to use depositions in one cause which have been taken in another, the parties have the same right to except to them, or move for their suppression, as though they had been taken in that cause. But, under these provisions, it is very clear that they could have no opportunity to avail themselves of this right if the depositions are neither filed in the cause nor leave to use them obtained before the trial is entered upon. It is held in *Shaul v. Brown, supra,* that no notice was required to be given before the trial commenced of the purpose to use the depositions on the trial. But the statutes governing the right to except to, or move for the suppression of, depositions have been materially changed since that decision. We think the court erred in overruling the objection.

III. Defendant offered in evidence the pleadings and judgment in a cause in the district court, to which plaintiff

3. EVIDENCE: pleadings and judgment in former trial: identity of parties: order of introduction.

objected on the ground of incompetency and immateriality, and the overruling of this objection is assigned as error. The point insisted upon in the argument of this assignment is that there was no proof that the former action was between the same parties, or that it involved the same rights which are involved in this action, and therefore the record is immaterial. If the position of counsel that the record does not show the identity of the parties and causes of action should be conceded, it would not follow that the objection to its introduction in evidence should have been sustained. It was competent evidence of an adjudication, and the fact of the identity of the parties and causes of action might be established by other evidence. That fact was not required to be proven as a preliminary to the right to introduce the record. It is simply (according to counsel's theory) a fact essential and material to the defense which is not established by the record. The question, then, is simply one of the order in which the evidence should have been introduced. But that is a matter within the discretion of the trial court, and there was clearly no abuse of discretion.

As we reverse the judgment on other grounds, we do not consider the question of the sufficiency of the evidence to sustain the judgment.

REVERSED.