CLOW *v.* BAKER *et al.*

(*Circuit Court, S. D. Iowa.* November 13, 1888.)

1. PATENTS FOR INVENTIONS—ACTION FOR INFRINGEMENT—DEPOSITIONS IN INTERFERENCE PROCEEDING.
   Depositions taken for the applicant for a patent in interference proceedings pending in the patent-office may, upon a proper showing of inability to retake them, be read upon the hearing of a bill by the successful applicant to declare invalid a patent issued to the contestant, though one of the defendants, assignee of part of contestant's rights, received his assignment before the interference proceedings were had, and was not a party thereto.

2. SAME.
   But where the only reasons urged in support of the motion to allow such depositions to be so read are an indefinite allegation of complainant's poverty, and that the witnesses are so scattered that to retake their depositions will be expensive, and from an inspection of the depositions it appears that a large part of the testimony was complainant's own, and that the greater number of the witnesses resided in the district in which the bill is pending when their depositions were taken before, and their present residence is not shown, the motion will be denied.

In Equity. On motion to use depositions.

Bill by H. A. Clow against George C. Baker, the Baker Wire Company, and others, to declare invalid a patent issued to defendant Baker.

*Cole, McVey & Clark,* for complainant.

*Cummins & Wright,* for defendants.

SHIRAS, J. The bill in the present cause is filed for the purpose of procuring a decree declaring invalid a patent issued to George C. Baker for a wire-barbing machine, on the ground that the complainant is the prior inventor of the same, and entitled to the benefits thereof, under letters patent issued to complainant. It appears that in March, 1885, when the application of complainant for a patent was pending before the patent-office, an interference was declared with patent No. 295,513, issued to George C. Baker, and a hearing thereof in the usual form was had be-

fore the commissioner at Washington. The testimony of a large number of witnesses was taken by depositions, and used upon that hearing, and the motion is now made for leave to read these depositions or certified copies thereof on the trial of the cause in this court, on the grounds that the parties and issue are substantially the same; that the witnesses are scattered in different states; that to retake the testimony would cause complainant great expense; and that he is without means to defray the cost and expense that would be caused thereby. When good reason for it exists, depositions taken in one suit may be read in evidence in another suit, where there is identity of parties, of the issue involved, and full opportunity was afforded to the parties for a thorough examination and cross-examination of the witnesses. 3 Greenl. Ev. § 326; *Shaul* v. *Brown*, 28 Iowa, 37; *Searle* v. *Richardson*, 67 Iowa, 172, 25 N. W. Rep. 113. In *Rutherford* v. *Geddes*, 4 Wall. 220, which was a proceeding in admiralty, the district court admitted certain depositions taken in another case involving the same collision, but not against the same party, and on appeal the circuit court reversed the case for this error, placing the ruling upon the grounds that it was not shown that any of the witnesses were dead, or that there was any impediment to their examination in the second case, and that to authorize the reading of the depositions in the second cause it must be shown that the first suit was between the same parties, or their privies; that the right to use the same must be reciprocal, or neither party can exercise it; that the subject-matter of litigation is the same; and that the parties had full opportunity for cross-examining the witnesses when the depositions were taken. The supreme court, upon appeal, held that the depositions were properly held inadmissible by the circuit court, "being taken without notice to defendants in another suit, to which defendants were not parties, and in which they had no right or opportunity to cross-examine the witnesses. Nor were the defendants in any manner privies to either party in the former suit in which the depositions were taken." The principle applicable to the question is the same as that underlying the provisions for the perpetuating testimony, *i. e.*, that unless testimony thus taken is allowed to be read, the party offering it will be deprived of the benefit of the testimony of the given witnesses by reason of their death or their absence, or some other fact which shows that it is beyond the power of the party to procure the testimony of the witness in the usual manner. To prevent the failure of justice that might result, it is permissible for the court, when cause is shown therefor, to permit the depositions taken in one cause to be read on the trial of another, if it appears that the parties to the latter cause were parties to or privies with the parties to the former suit; that the issue or issues upon which the testimony was taken are substantially the same; and that full opportunity for a thorough examination or cross-examination was afforded both parties when the testimony was taken.

Several objections are urged against the granting the motion in the present cause, the first of which is that the hearing before the commissioner of patents was not the trial of another cause, within the true mean-

ing of the rule in question; that the hearing was only for the purpose of informing the officers of the patent-office as to the facts for their guidance in determining whether a patent should issue to complainant; and that the decision in the interference proceedings was not conclusive as an adjudication upon the rights of the parties. The privilege of using testimony taken in another cause is not dependent upon the question of the kind of judgment or decision rendered in that cause, for it does not depend upon the fact whether any judgment was reached thereon. The point is not as to the adjudication actually had, or its effect, but whether, in another judicial proceeding involving the same issues, and between the same parties or their privies, testimony was taken which is material in the present cause, and which may be lost to the party unless the testimony formerly given is allowed to be used in the present trial. The proceedings had before the patent-office were judicial in their nature, and section 4905 of the Revised Statutes of the United States expressly provides for the taking of depositions to be used on such hearing, in the same manner that they may be taken for use in the courts of the United States. This objection is therefore untenable.

It is also urged that the issue in the two proceedings is not the same, in that the question before the patent-office was whether a patent should be issued to complainant, whereas the question in the present cause is whether the patent issued to the defendant Baker shall be adjudged invalid. The relief sought in the two proceedings differs in the particular named, but the real issue upon which the granting or refusing the relief sought in each proceeding depends, is the same, *i. e.*, is the machine described in claim 1 of the Clow patent identical with that described in claim 6 of the Baker patent, and, if so, who was the first inventor thereof? It is also claimed that there is not the requisite identity of parties to the two proceedings, for the reason that the interference proceedings were between Henry A. Clow, the complainant, and George C. Baker alone, whereas the present suit is against George C. Baker, the patentee, and also the Baker Wire Company and others, who hold interests as assignees in the Baker patent, part of which assignments, at least, were made before the institution of the interference proceedings. Recognizing the fact that there does not exist an absolute right, under all circumstances, to the use of depositions or testimony taken upon the same issue in another cause between the same parties or their privies, but that it is a privilege which may be granted by the court when the circumstances are such as to justify it in the furtherance of justice, the question of the privity of parties cannot, it seems to me, be settled solely with reference to the time when the rights of the assignees were acquired. The question is not the same as that presented when it is sought to bind a third party by a judgment or decree touching property in which the third party has acquired rights, and where usually the third party is held bound by the adjudication, if he acquired his rights from a party to the suit after the commencement of the action. Regard must be had in each case to the particular facts, and if it should appear in a given instance that, after the initiation of the suit or proceedings, the defend-

ant had parted with his interest in the subject of controversy, so that, when the testimony was taken, he was indifferent to the result, and did not cross-examine the witnesses, nor seek to elicit the full facts, evidence thus taken should not be admitted in a subsequent proceeding against the party who had acquired his interest after the former proceeding had been commenced. Testimony thus obtained, though not formally, would be practically *ex parte*, because, when taken, there was not a party having an actual adversary interest, and therefore interested in eliciting the full facts from the witness. On the other hand, if it appears that in an interference proceeding before the patent-office the patentee is duly notified; that he appears therein, having an interest to be protected; and that he fully examines or cross-examines the witnesses,—then, certainly, those who acquire interests after such proceedings are had, are in privity with the patentee; so that, if the facts justify the use of the testimony against the patentee in the second suit, they would likewise justify its use against parties who acquired their interests in the patent after the initiation of the interference proceedings against the patentee. Whether this is likewise true as against those who acquired their interest before the initiation of the interference proceedings is a more difficult question to answer.

On the one side it is said that the conclusion reached cannot bind such assignee, because he is not a party to the proceeding, yet, practically, it affects such assignee in the same way that it does the patentee. The point to be determined in the interference proceeding is whether a patent shall be issued to the claimant, and in this question the patentee holding the supposed interfering patent and his assignee are alike interested. If the patent-office holds that the claimant is not entitled to a patent, or that he is entitled thereto, the result of such decision affects the assignee as well as the original patentee, and in the same way. Is not the true inquiry this: Were the interests of the assignee so represented in the proceedings before the patent-office as to insure such an examination of the particular witness or witnesses, whose testimony then given is now sought to be used, as was necessary to bring out all the knowledge of the witnesses touching the material facts pertinent to the issue or issues that are common to the two proceedings? If, as already said, it should appear that after an interference was declared between a claimant, A., and a patent issued to B., that the latter had sold his entire interest in the patent, so that it was no longer an object to him to defeat the issuance of another patent, which might conflict with that issued to himself, and consequently B. failed to cross-examine the witnesses, or to thoroughly draw out the facts, then, although the assignee would stand in privity with B., the patentee, yet testimony thus obtained ought not to be used against the assignee, because it lacks the safeguard afforded by the scrutiny usually exercised by one whose interests may be adversely affected thereby. On the other hand, if it appears that when the interference proceedings were had the patentee still retained an interest in his patent, although part thereof had been previously transferred to another, and that in fact the proceedings were adversary, and that the

witnessês were thoroughly examined and cross-examined, or full oppor-· tunity therefor was given, and it is made to appear that some one or more ·of the witnesses whose testimony was then fully and fairly taken, cannot be produced as witnesses in the second suit, to which the patentee and the assignee are parties, what good reason exists for refusing to allow the testimony thus taken and preserved from being used as against the assignee, when it would be admissïble against the patentee? In either case it would be offered for the purpose of aiding the court in arriving at the truth in regard to some given question of fact. And it would seem that the relation existing between the original patentee and the assignee of an interest therein was certainly as close as that between the patentee and an assignee who takes his interest after the interference proceeding is commenced or disposed of.

In the present case, therefore, if the showing made would justify the granting an order allowing the use of the depositions taken in the interference proceedings on the present trial as against the patentee and the assignees whose rights accrued after those proceedings were commenced, it is difficult to see why the same order should not be made as against the assignee, whose rights accrued before such proceedings were instituted. To the motion, as made, is attached a printed copy of the depositions taken in the interference proceedings, and the motion is for leave to use certified copies of the entire series. An examination of the printed· copy shows that a large part of this testimony consists of that of the complainant himself, and the majority of the witnesses were, when their testimony was taken, residents of Iowa. The motion simply states generally that the witnesses are scattered in different parts of the United States, and that the complainant is poor, and wholly without pecuniary means, and unable to go through the expense of retaking the depositions. This showing is insufficient to justify the court in granting the motion as it now stands. The statement as to the pecuniary means of the complainant is general, and is rather the statement of a·conclusion than of the facts. It is not shown where the several witnesses now are, and the court cannot determine which of them is outside the district, or beyond reach of a subpœna or commission. What possible reason exists for allowing .the use of the testimony of the complainant himself, save only the suggestion that complainant cannot afford the means to retake the same? And, as already said, the statement on this point in the motion is not, sufficiently specific, in that it is not shown what property the complainant has, nor what his sources of income are. In other words, it is not shown in regard to any one or more of the witnesses that they are dead, or beyond reach of a subpœna or commission, nor are any facts shown which enable the court to see that the complainant cannot procure the testimony of any given witness by reason of the cost thereof exceeding the means of the complainant, even if that fact would justify the granting of the order. Motion is therefore overruled.