BRIDGET C. DUFFY, administratrix, etc., of FELIX DUFFY, deceased, Respondent, *v.* MARGARET MASTERSON, impleaded with AUGUSTUS W. LORD, Appellant.

Where one holds the legal title to real property (under a lease), evidence of his admissions that moneys expended by him in improvements thereon were received from or for the use of another person (his sister), and were thus expended for her use and benefit, and that such improvements (houses) were for and belonged to her, is not sufficient to establish the fact or raise a presumption that the title was taken or held in trust for her or as her agent, or that there was any understanding or agreement between them that it should be so taken or held.

Although it is not stated, in a judgment of reversal by the General Term, that such reversal is on questions of fact, this court is not precluded from examining the evidence, so far as to determine whether the finding upon a question of law, dependent upon the facts and circumstances disclosed by the evidence, is correct, where such facts and circumstances are not found, but only a legal conclusion stated as resulting from the evidence.

(Argued May 2d; decided September 12th, 1871.)

APPEAL from an order of the Supreme Court, at General Term, in the first judicial district, reversing a judgment in

favor of the defendant, entered on the report of a referee, and ordering a new trial.

The action was brought for the redemption of a lease, given by Mary Griffin to Felix Duffy, the plaintiff's intestate, on or about the 1st day of October, 1859, of a lot of ground on the southerly side of Nineteenth street, between First avenue and avenue A, in the city of New York, held by the defendant, Margaret Masterson, under an assignment thereof from her co-defendant, Augustus W. Lord, to whom it was assigned by Duffy, by an assignment absolute in its terms, but which, the plaintiff alleges, was given as security only for the repayment of $110 loaned by Lord to Duffy, with interest.

The defendant, Margaret Masterson, by her answer, claimed that the assignment to Lord was executed to him to secure the payment not only of the sum of $110, but also of a judgment purchased by him of Wells & Bontecou against Felix Duffy and one Thomas Clark for $300.62, rendered in the New York Common Pleas on the 24th day of July, 1855, and also any future advances by Lord to Duffy, and all costs and expenses attending the assignment of the lease and the examination of the title thereto, and that she, after the death of Duffy, paid Lord the sum of $772.54, the amount of his claims, and she thereupon took an assignment from him of the lease.

She then sets up, as a further answer, that she was a sister of Duffy, and that some time in the fall of 1859, it was agreed between them that he should procure for her, and in her name, two leases of two vacant lots on the south side of East Nineteenth street, on which to erect two brick houses; that he should superintend the erection of the same, and that she should furnish, or cause to be furnished, the necessary funds for that purpose, that in pursuance of said agreement, he, on the 1st day of October, 1859, procured the lease, mentioned in the complaint in this action, of the lot described therein, and a similar lease, in all respects, for the vacant lot lying immediately adjoining that on the west; that each of these leases was procured by Duffy in his own

name, but the same were by him agreed to be taken in her name, and she supposed, until after his death, they were so taken. She then averred that the sum of $1,000 was advanced to Felix Duffy, for her, by their brother Edward Duffy, to be expended in erecting buildings on the lots; that she herself advanced to him over $800 in cash; that several bills for materials furnished toward the erection of the buildings were contracted in her name; and that Felix Duffy never paid anything out of his own funds toward the erection of the buildings, or either of them, or the purchase of materials therefor; and that he never claimed the buildings, or either of them, but uniformly disclaimed such ownership, stating that she was the owner thereof, and had furnished all the means for their erection. She also alleged by her answer, that she did not claim to own the lease mentioned in the complaint in this action by virtue of the assignment thereof by Lord to her, but by virtue of the agreement, and the payment of her money in the erection of the buildings on the premises; and that she only took the assignment for the purpose of getting immediate possession of the building and lease without an expensive law suit, and in full belief that her title would not be then disputed. She then asked for affirmative relief, establishing her title to the lease.

It appears by the case, that after the commencement of this action, Margaret Masterson commenced one against Bridget L. Duffy as administratrix of Felix Duffy, deceased, claiming title to the lease of the adjoining lot above referred to, and asking to have it established in her; and that the issues in both of the actions were referred for trial to the same referee, and it is stated in an explanatory statement, that inasmuch as both actions involved substantially the same questions, it was stipulated by the respective counsel that the actions should be tried together; and that, in the conduct of the same, Margaret Masterson should be designated as plaintiff, and Bridget C. Duffy administratrix of Felix Duffy, as defendant.

On the trial, Mrs. Masterson assumed the affirmative of

the issues in both actions, and after she had introduced the evidence on her part, including various admissions and state-- ments by Felix Duffy in his lifetime, to the effect that he was building the houses on the premises for Mrs. Masterson; that she owned them, and that he had received money from her, and from others for her use, and was expending the same upon these houses, she rested.   The case states that the counsel for Mrs. Duffy " moved to dismiss the plaintiff's complaint and for judgment, on the following grounds :

1st. That no valid agreement had been proved by plaintiff; the subject-matter of the controversy having reference to lands should have been in writing, and is therefore void.

2d. That no parol agreement has been proved; the vague, contradictory, and casual statements of Felix Duffy being wholly unreliable, and not binding upon the defendant.

3d. The testimony of Edward Duffy weakens, instead of strengthening the plaintiff's case."    And it is added " which motion was denied by said referee, and to which decision, defendant's counsel excepted."

Testimony was then given on the part of Mrs. Duffy, and after she rested some additional evidence was introduced on behalf of Mrs. Masterson.   The referee, after submission of both the cases to him, made a separate report in each.   In that under review on this appeal he found, among other things, as conclusions of fact, " that in the year 1859 it was understood and agreed by and between the above defendant, Margaret Masterson, and one Felix Duffy, who was a brother of the said Margaret Masterson, that the said Margaret would furnish the necessary funds for the purpose, and he, the said Felix Duffy, would procure leases of some vacant lots on East Nineteenth street, between First avenue and avenue A, in the city of New York, and erect thereon two brick houses for the said Margaret, and that he would superintend the erection of the said houses without charge to the said Margaret Masterson; that on the 1st day of October, 1859, the said Felix Duffy, in pursuance of said agreement, procured from Mary Griffin the lease described in the complaint in this

action, and that the said lease was taken by the said Duffy in his own name for the use and benefit of the said Margaret Masterson; that in further pursuance of the said agreement the said Margaret Masterson furnished and advanced to the said Felix Duffy the sum of $1,700, which the said Felix Duffy expended in the erection of two houses, one on the lot described in the lease aforesaid, and one on a lot adjoining the same; that $700, part and parcel of said sum so furnished, was the sole and separate property of the said Margaret, and that $1,000, part and parcel of the sum so advanced, was advanced and given to the said Margaret by her brother, the Rev. Edward Duffy, for the purpose of procuring her a home; that on the 14th day of July, 1860, the said Felix Duffy borrowed certain moneys of the defendant, A. W. Lord, which he expended in the erection of said houses, and assigned to said Lord the lease mentioned in the complaint as security for such loan, and under the further agreement that said Lord should hold said lease as security for all indebtedness on the part of said Duffy to said Lord, including a judgment which said Lord had purchased against said Duffy. * * * That on the 1st day of June, 1861, the said Margaret Masterson settled and paid and secured the indebtedness of the said Felix Duffy to the said defendant, Lord, amounting in all to the sum of $772.64, and took from said Lord an assignment of said lease mentioned in the complaint." He then found as conclusions of law, "that the lease so obtained by Duffy from the said Mary Griffin and the house erected on the said lot were, and always have been, and still are, the property of the said Margaret Masterson, and that she is entitled to hold and enjoy the same, free from any lien or claim, from or by the creditors of the said Felix Duffy; that the said Margaret Masterson was entitled to judgment that the assignment of the said lease to her by the said Augustus W. Lord be confirmed, and that she hold the same as of the date of October, 1859, and free from any lien or claim on the part of the creditors of Felix Duffy, deceased; and that the said plaintiff release to the said Margaret Mas-

terson any claim or interest which the estate of said Felix Duffy may have or claim in said lease, or the house erected on the lot described therein; and that the defendant have costs of this action, to be paid out of the estate of said Felix Duffy."

Bridget C. Duffy filed exceptions to these findings, so far as they related to the agreement, the procuring of the lease and the advance of moneys in the erection of buildings as therein stated, and also to the several conclusions of law found by the referee.

She also, in and by her exceptions, claimed that the referee erred in finding that any valid agreement was ever made between the defendant and Duffy in reference to the building of the houses and the transfer of the leases; and also in not granting to her, the plaintiff, the relief prayed for in her complaint.

On filing the report of the referee, judgment was entered in favor of the defendant, which, on appeal by the plaintiff to the General Term, was reversed, and a new trial was ordered.

The judgment of reversal does not state that said reversal was on questions of fact.

The defendant has appealed to this court from the order granting a new trial, assenting in her notice of appeal that, if the order be affirmed, judgment absolute shall be rendered against her.

*Amasa J. Parker*, for the appellant, that only questions of law could be reviewed, cited *Borst* v. *Spelman* (4 Comst., 284); *Western* v. *Genesee Co.* (2 Kern., 258); *Griscom* v. *Mayor of New York* (id., 586); *Newton* v. *Bronson* (3 id., 587); *Lockwood* v. *Thorne* (1 id., 170). As to the trust for the benefit of the appellant, he cited and discussed *Foote* v. *Calvin* (3 Johns., 216); *Voorhees* v. *Presbyterian Church* (8 Barb., 135); *McCartney* v. *Bostwick* (31 id., 390); 15 N. Y., 475; *Gilmore* v. *Austin* (33 Barb., 9); 5 id., 51; Willard on Real Est., 234; *Boyd* v. *McLean* (1 Johns. Ch., 582); *Botsford* v. *Burr* (2 id., 405); *Mann* v. *Mann* (1 id., 23); *Jack-*

*son* v. *Metsdorf* (11 Johns., 91); *Reid* v. *Fitch* (11 Barb., 399); *Lounsbury* v. *Purdy* (16 id., 376); *Jackson* v. *Fuller* (2 Wend., 465).

*John H. Reynolds* and *John H. White,* for the respondent, to the principal question, cited *Tousley* v. *Barry* (16 N. Y., 497); *Beach* v. *Wise* (1 Hill, 612); *Paige* v. *Cagwin* (7 id., 361); Cow. & Hill's Notes, 618, 650.

LOTT, Ch. C. Although it is not stated in the judgment of reversal by the General Term of the Supreme Court that the judgment entered on the report of the referee was reversed on questions of fact, this court is not precluded from examining the evidence in the case so far as to determine whether the referee properly decided that there was such understanding and agreement between Felix Duffy, the plaintiff's intestate, and Margaret Masterson, the defendant, as is set forth in his report. Whether there was or not, was a question of law, dependent upon the facts and circumstances disclosed by the evidence. His report does not show what those facts or circumstances are, but only states, as the legal conclusion resulting from the evidence, that there was such an understanding and agreement. The existence of the agreement set up by the defendant in her answer, as a defence to the action, was the material matter in issue on the trial, and the plaintiff distinctly raised the question, after the evidence of the defendant had been introduced, that it had not been proved; and the exception to the ruling of the referee thereon, and also to his findings upon the issue in his report, properly present such ruling and finding for our review. They will be briefly considered.

It is not claimed that there was any written agreement between Felix Duffy and the defendant in reference to the matter; and, after a careful examination of the testimony, I do not find that there ever had been any interview between them on the subject, or any admission of Duffy, warranting the conclusion or justifying the inference that there was ever any understanding or agreement, express or implied, that the lease

in question, or any lease whatever, should be procured by Duffy for Mrs. Masterson, either in her name or otherwise. The case is entirely barren of proof on that question. There was evidence given by witnesses of declarations or statements of Duffy tending to show that he was erecting the buildings on the lot included in or covered by this lease, and the lot adjoining, held under another lease, for her or her benefit, and that he had received some money from her, and also from their brother, Edward Duffy, for her use, which had been expended in such erection; but they were made a considerable time after such leases had been obtained by him, and are consistent with his holding the title to the property himself, and for his sole use and benefit, at least till the moneys expended by him in the erection of those buildings, greatly exceeding what was so received from her and her brother Edward, had been paid or secured to him. At all events, they do not establish, or tend to establish, the fact, or to raise a presumption that he had taken the leases in trust for her or as her agent, or in fact that there was any agreement or understanding whatever between them in relation thereto.

It follows that the ruling and finding of the referee, to which exceptions were taken, as above stated, were erroneous, and that the judgment rendered on his report was properly reversed. It is therefore unnecessary to consider any other questions.

The order granting a new trial must therefore be affirmed, and judgment absolute, with costs in this court and in the court below, must be rendered against the appellant, establishing the plaintiff's right to a redemption and re-assignment of the lease to her upon payment of the amount for which it is assigned as security.

All for affirmance, except Leonard, C., not sitting.

Order affirmed and judgment absolute against the defendant, with costs.

Note.—As to the effect of omissions in the findings of referees, see also *Chubbuck* v. *Vernam* (3 Hand, 432); *Walsh* v. *Powers* (4 id., 24); *Tomlinson* v. *The Mayor* (post, 601).—Rep.