May Term, 1845.

COLLINS
v.
LOVE.

---

COLLINS *v.* LOVE.—On appeal.

Thursday, June 5.

A COUNT in malicious prosecution alleged that the defendant, intending, &c., went before a justice, &c., and falsely, &c., and without, &c., charged the plaintiff, &c., and thereupon falsely, &c., and without, &c., procured the justice to make his warrant, &c. *Held*, that the count was not objectionable because the alleged charge did not authorize the issuing of the warrant.

A count in such action stated that the defendant contriving, &c., heretofore, viz., on, &c., at, &c., falsely and maliciously, and without any reasonable or probable cause whatever, charged the plaintiff with having committed perjury, and with having wilfully and feloniously, &c., sworn false, &c., and on the last-mentioned charge, on, &c., at, &c., falsely and maliciously, and without any reasonable or probable cause whatever, procured the plaintiff to be arrested by his body, and to be imprisoned for the space of twelve hours,

and until the defendant, afterwards, on, &c., at, &c., falsely and maliciously, and without any reasonable or probable cause whatever, procured the plaintiff to be conveyed in custody before *Aaron Mote*, then and there being a justice of the peace, &c., to be examined, &c.; that said justice, having heard and considered all that the defendant could say against the plaintiff, touching and concerning the said supposed offence, adjudged that the plaintiff was not guilty, &c., and caused him to be discharged, &c. To the plaintiff's damage, &c. *Held*, that this count was not so defective as to authorize the Court to instruct the jury to disregard it.

In such suit against *A. B.*, an affidavit charging the plaintiff, &c., proved to have been made by *A. B.*, and agreeing with that described in the declaration, is admissible evidence for the plaintiff.

If a count would be considered good after verdict for the plaintiff, the jury ought not to be charged to disregard it.