Ruffix, C. J.
 

 If the magistrates had discharged the plaintiff and the action were for maliciously charging the plaintiff with the larceny before them and causing him to be arrested therefor, it is not seen, that the defect in the warrant could have protected the defendant. For the charge alleged against the plaintiff was of an infamous offence, and the magistrates had cognizance of it as respected the arrest and examination of the person accused, and by the prosecution the plaintiff would have been prejudiced in his property and character. Upon those grounds it has been often held, that after the discharge of the accused this action will lie, if the proceedings, though defective, were maliciously prosecuted without probable cause,
 
 Chambers
 
 v.
 
 Robison,
 
 Str. 691.
 
 Elsee
 
 v.
 
 Smith,
 
 1 Dow. and Ryt. 99. But that is not material here, since the action is for the malicious prosecution of the indictment. Now, the defence is, that the defendant was not, in point of law, to be taken as the pro-
 
 *486
 
 seeutor of it, because he was not endorsed as such on the bill and the plaintiff did not prove that the defendant gave evidence against him on his trial. But clearly those circumstances do not-determine the defendants liability, as he may have promoted the prosecution and been the cause of it, though not avowedly the prosecutor, appearing of record. He is liable, if in point of fact, the indictment was preferred at this instance. To establish the affirmative, the circumstances, that the defendant in the first instance applied for a warrant against the plaintiff for the larceny and caused him to be arrested and bound over, and again attended and went before the grand jury as a witness against him and also made a wager that he would convict him on the indictment, certainly constituted evidence proper to be submitted to the jury. It not only tended to show, that the defendant caused the indictment to be preferred ; but to most minds it amounts to sufficient and convincing proof. It is plain, that the defect in the warrant could not impair its force, as evidence to the point now under consideration, namely, the defendant’s connexion with the preferring and prosecuting the indictment, for whether the warrant be good or bad, it was issued at the instance of the defendant and was the first move in the affair, which ended in the indictment for the same charge, and
 
 he
 
 offers
 
 nothing to show
 
 that he repented of his agency in making the accusation and separated himself from it before the indictment was sent. However, the sufficiency of the proof is not a question for the court, but was exclusively for the jury and was left to them; and our province is merely to say, 'whether the facts amounted to any evidence, on which the case could be left to the jury, upon which the opinion of the Court is decidedly in the affirmative.
 

 Per Curiam. Judgment affirmed.