## STREIGHT *v.* BELL.

MALICIOUS PROSECUTION.—*Defective Affidavit.*—In an action for malicious prosecution, the complaint was held not defective, even if the affidavit on which the defendant caused the plaintiff's arrest did not charge a crime, because in that case the defendant was a trespasser in causing the warrant to issue.

PRACTICE.—*Motion for New Trial.*—A motion for a new trial must point out the instruction given or refused, or the evidence admitted or rejected, upon which error in the ruling of the court is assigned.

Streight *v.* Bell.

APPEAL from the Newton Common Pleas.

WORDEN, C. J.—This was an action by the appellee against the appellant for a malicious prosecution. Demurrer to the complaint overruled, and exception. Issue; trial by jury; verdict and judgment for the plaintiff for eighty-nine dollars, a new trial being refused the defendant.

The complaint was in three paragraphs. The demurrer, being to the entire complaint, and not separately to each paragraph, was correctly overruled, if any one paragraph was good. But we are of opinion that each paragraph was good. Each paragraph alleges that the defendant, maliciously and without probable cause, made certain affidavits, which are set out, and which attempt to charge the plaintiff with having procured money of the defendant with intent to defraud him, by means of false pretenses as to the quality of corn in a certain crib which the plaintiff sold to the defendant, on which the defendant paid to the plaintiff the sum of one hundred dollars; and that the defendant procured to be issued by justices of the peace certain warrants on said affidavits for the arrest of the plaintiff, and caused him to be arrested thereon, and to be brought before said justices for examination; and that upon being thus brought before the justices, such proceedings took place that he was discharged.

The objections urged to the complaint are, that as the affidavits on which the prosecutions were based do not charge any crime against the plaintiff; and that as there was no examination before the justices of the merits, but the plaintiff was discharged because the justices deemed the respective affidavits insufficient, the action will not lie. These objections are not well taken. The affidavits are lengthy, and we will not extend this opinion by copying them here. They will add nothing valuable to the legal literature of the country. It is by no means clear that they did not, though in a loose and inartistic manner, sufficiently charge the crime to enable the justices to take cognizance thereof. But if they did not, then the defendant was a trespasser in causing the warrants to issue thereon, and causing

the plaintiff to be arrested and taken before the magistrates for examination. In either view, the complaint contained a good cause of action. *Steel* v. *Williams*, 18 Ind. 161.

In *Hays* v. *Blizzard*, 30 Ind. 457, it was held, that the quashing of an indictment and the rendition of judgment thereon for the defendant sufficiently put an end to the prosecution to enable the defendant therein to maintain an action for malicious prosecution. The same principle must be applicable here. The discharge of the defendant in a prosecution, by the justice, because he deems the affidavit insufficient, ends the prosecution, and enables the defendant therein, if the prosecution was instituted maliciously and without probable cause, to maintain an action therefor.

There are no other questions raised except those arising on the motion for a new trial. The following are the reasons for a new trial, as they appear in the record:

"First, that the verdict of the jury is not sustained by sufficient evidence.

"Second, that the verdict of the jury is contrary to the law of the case.

"Third, that the court erred in giving charges No. ——, as follows (see bill of exceptions at the close of this transcript), to the jury trying this cause, which were excepted to by the defendant at the time the same were given.

"Fourth, that the court erred in refusing to give charges No. —— (see bill of exceptions), to the jury trying this cause as asked for by the defendant at the proper time.

"Fifth, that the court erred in modifying charges No. —— (see bill of exceptions), asked for and insisted on by the defendant, and in giving said charges so modified to the jury over the objection of the defendant.

"Sixth, that the court erred in the trial of this cause in ruling out evidence offered by the defendant and embraced in questions asked certain witnesses on said trial included in No. —— (see bill of exceptions).

"Seventh, that the court erred on the trial of this cause in

Streight *v.* Bell.

overruling objections made by the defendant to evidence offered by the plaintiff, No. — (see bill of exceptions).

"Eighth, that the court erred in overruling the demurrer filed by the defendant to the plaintiff's complaint herein."

The first and second reasons for a new trial brought the case in review before the court below, on the evidence; and we are not inclined to disturb the conclusion arrived at. There was certainly evidence that tended to make out all the points essential to a recovery. Indeed, we think it may be legitimately inferred from the evidence that the object of the defendant in prosecuting the criminal causes against the plaintiff was to coerce thereby repayment by him of the amount of money he had received beyond the value of the corn delivered by him.

The eighth reason is no reason whatever for a new trial. All the others, we think, are too indefinite to raise any question. We suppose the references to the bill of exceptions in the reasons for a new trial, in parentheses, as above set out, were not contained in the original reasons as filed, but were inserted by the clerk, in making out the transcript, in order to facilitate our search for the grounds upon which a new trial was asked. This is inferred from the fact that, at the time the reasons were filed, no bill of exceptions had been filed whatever.

The charges alluded to in reasons three, four, and five, with the numbers blank, and without any description whatever of those intended, could not be at all identified. There was nothing in these reasons to call the mind of the court to any particular charge or charges. We certainly could not, without other aid than a consultation of the reasons for a new trial in connection with the charges given and refused, determine what particular ones were meant in each instance.

The same thing may be said in reference to the admission and rejection of evidence, as specified in the sixth and seventh reasons. What particular evidence was supposed to have been improperly ruled out, or of what witnesses, does not appear; nor does it appear what evidence was sup-

posed to have been improperly admitted, whether oral or documentary; or if oral, the witness whose testimony was admitted does not appear. In short, there was nothing in the reasons to identify, in the slightest degree, the evidence ruled out in the one instance, and given in the other, of which complaint was made.

The judgment below is affirmed, with costs and ten per cent. damages.

*F. Wallace, B. F. Brown, B. F. Davis,* and *B. F. Love,* for appellant.

*C. H. Test, D. V. Burns,* and *G. S. Wright,* for appellee.