JOHN M. DENNIS, Respondent, *v.* CHARLES RYAN, Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

An action lies for malicious prosecution against one who falsely and maliciously accuses another of acts which he believes constitute a crime, and thereby procures his indictment and trial for such crime, although the charge made does not constitute the crime alleged, or any criminal offence.

The erasure from a bond of an indorsement of a payment made thereupon, does not, *it seems*, constitute the offence of forgery of the bond.

APPEAL from a judgment rendered upon a trial before the court and a jury. The facts are stated in the opinion

*Mortimer V. Austin*, for appellant.

*F. D. Wright*, for respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—JOHNSON, J. The action was for the malicious prosecution of the plaintiff by the defendant, in causing the plaintiff to be indicted and tried for the crime of forgery, in altering a certain bond for the payment of money, which bond the defendant was under obligation to pay. The forgery was alleged in the indictment to consist in the erasure from the back of the bond of an indorsement thereon of a payment of forty-five dollars. It would seem pretty clear that the act charged, if true, would not constitute a forgery of the bond, as the indorsement was no part of the bond, but only evidence of a payment thereon. It is not very material in this case to consider whether it constituted the crime of forgery at all, or, if so, what was the instrument so forged; because the indictment charged it to be a forgery, and the plaintiff was obliged to go to trial upon it, and defend himself against the charge. He was prosecuted for that crime, in fact and in law, and was compelled to answer and defend.

·The point made by the counsel for the appellant, that the defendant is not liable for the prosecution, if he stated the

Dennis *v.* Ryan.

facts truly and correctly to the district attorney and to the grand jury, and was advised by the district attorney that such facts would constitute the crime of forgery, and the grand jury found the indictment upon such insufficient evidence, does not arise in the case.   On looking at the charge of the judge to the jury, it will be seen that the judge expressly charged that the action could not be maintained by the plaintiff unless they were satisfied from the evidence that the accusation made by the defendant, on which the indictment was found, was known by him to be false and unfounded; but that, if he made the complaint, knowing it to be false and unfounded, and by that means procured the plaintiff to be indicted and brought to trial, the action would lie, even though the charge made did not constitute the crime alleged, or any crime.   The jury, by their verdict, have found that the defendant, when he made the charge, knew that the facts on which he based it were not true, but wholly false.

The appellant by his counsel excepted to this portion of the charge.   The charge was correct.   The rule is, that where a party knowing that a certain act does not constitute a crime procures another to be indicted for a crime, or where he supposes and believes that such act if done by another would constitute a crime, and falsely and maliciously accuses such other of the commission of the act and procures him to be indicted, the action for malicious prosecution lies.   (1 Amer. Lead. Cases, 218, where nearly all the authorities, English and American, are collected.)   And in our own court it has been held that this action would lie against a party who falsely and maliciously prosecutes another, although the court in which the action was brought was utterly destitute of jurisdiction in the matter.   (*Morris* v. *Scott,* 21 Wend., 281.)   In such a case the grav amen of the action is the malice and falsehood, and the arrest and trouble of defending are the consequences.   A case like this is much stronger than that, because there the question arises whether there has been, in law, any prosecution. But in a case like this, no such question can arise.   The court

had jurisdiction, and the party was, in law, prosecuted, even though the pleadings were defective and showed upon their face that the charge could not be sustained.

The objection that the plaintiff was allowed to prove what the defendant testified to before the grand jury, is wholly unfounded. No such evidence was given by the plaintiff. He proved by the district attorney what statement the defendant made to him when entering the complaint, and what he testified to on the trial of the indictment. The court ruled that the plaintiff might prove the defendant's testimony before the grand jury; but it is apparent that no such testimony was given, and the exception of no avail, as the mere ruling worked no injury to the defendant.

Upon a careful examination of all the testimony in the case, it appears that the jury were well warranted in finding, as they must have found under the charge, that the charge made by the defendant, on which he procured the indictments to be found, was a sheer fabrication, and most wickedly and maliciously made. The testimony by which the defendant attempted to sustain the truth of the charge on this trial is most incredible. This finding puts the question of probable cause wholly out of the case upon the merits. It is impossible for a party to make for himself probable cause out of his own falsehood. The judgment is right and must be affirmed.

Judgment affirmed.