[No. 4526.]

# ANTONIO GANEA v. THE SOUTHERN PACIFIC RAILROAD COMPANY.

MALICIOUS PROSECUTION.—In an action to recover damages for a malicious prosecution, the want of probable cause must be affirmatively established by the plaintiff.

IDEM.—If the plaintiff, in such action, proves that he was held to bail by the examining magistrate, he establishes, *prima facie,* the existence of probable cause, and the fact that the grand jury subsequently ignores the charge does not, in this State, afford evidence of want of probable cause which overcomes the effect of the order holding the plaintiff to bail.

IDEM.—In this State a defendant may appear by his witnesses before a grand jury, and if the grand jury dismisses the charge it affords no evidence of want of probable cause.

DAMAGES FOR MALICIOUS PROSECUTION. — Parties who, in good faith, and upon grounds believed at the time to be sufficient, cause the arrest of supposed offenders, should not be mulcted in damages merely because the accused party has succeeded in obtaining an acquittal.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Clara.

Action to recover damages for an alleged malicious prosecution by the defendant, in causing the arrest of the plaintiff on a charge of perjury, claimed to have been committed in the case of *Perry* v. *The Central Pacific Railroad Com-*

*pany* (reported in 50 Cal. 578), in which case the plaintiff was a witness for Mrs. Perry. The complaint was made, and the plaintiff was arrested on the 14th day of July, 1873, and on the next day the magistrate held the defendant to bail. The grand jury examined the charge on the 18th and 19th days of August, 1873, and dismissed it. The plaintiff commenced this action on the 30th of August, 1873. On the trial, the jury found a verdict for the plaintiff for three thousand dollars damages. The defendant moved for a new trial, but the court below denied the motion. The defendant appealed from the judgment and from the order.

The other facts are stated in the opinion.

*Harvey S. Brown,* for the Appellant.

*D. M. Delmas,* for the Respondent.

By the COURT:

It is well settled that in order to maintain an action of this character *want of probable cause* must be affirmatively established by the plaintiff.

It is conceded that when the plaintiff proved that he had been held to answer by the examining magistrate, he, so far forth, establishes, *prima facie*, the existence of probable cause for the prosecution of which he now complains.

We have been unable to discover any fact or circumstance in evidence which could be fairly said to overcome, in this respect, the effect of the order made by the examining magistrate, holding the plaintiff here to answer to the charge. The subsequent ignoring of the charge by the grand jury did not have that effect. Under the system of criminal law prevailing in this State, the deliberations of the grand jury are not, as formerly, a mere examination of the case of the prosecution. The proceeding before the grand jury is in fact a preliminary trial, and one in which the accused may appear by his witnesses and make his defense, and may himself be sworn and testify in his own behalf. The favorable result of such a trial certainly affords no evidence of want of probable cause.

The prosecution in the first instance does not seem to have been hastily or inconsiderately set on foot. It was only after an anxious and careful consideration—a deliberate examination of all accessible means of information as to the fact of the alleged perjury—both by the local attorney and local agent of the defendant, that it was determined that legal proceedings against the plaintiff here should be initiated.

There are no circumstances indicating that the prosecution originated or was conducted in consequence of malice or any reprehensible motives upon the part of the defendant or its agents. The interests of public justice require that parties who, in good faith, and upon grounds believed at the time to be sufficient, attempt to bring supposed offenders to just accountability, should not be mulcted in damages merely because the accused party has ultimately succeeded in obtaining an acquital of the charge.

We think that for the reasons indicated the court below should have set aside the verdict.·

Judgment and order denying a new trial reversed, and cause remanded.