[Department Two. — November 5, 1883.]

## WILLIAM HAHN, Appellant, v. JOSEPH SCHMIDT, Respondent.

Malicious Prosecution—Defense.— One who makes before a committing magistrate an affidavit of facts conceded to be true, which the magistrate erroneously believes constitute a crime, and issues a warrant of arrest accordingly, is not liable in damages to the person arrested.

Id.— Forgery—Good Faith of Complainant.—It is not necessary in order to constitute good faith on the part of one who charges another with the crime of forgery, that he should believe that he was responsible upon the instrument alleged to have been forged.

Appeal from a judgment of the Superior Court of Alameda County, and from an order refusing a new trial.

The facts sufficiently appear in the opinion of the court.

*Tyler & Tyler,* for Appellant.

*Samuel P. Hall,* for Respondent.

Sharpstein, J. — This is an appeal from a judgment and from an order denying the plaintiff's motion for a new trial in an action for malicious prosecution.

There are but two exceptions before us.

1. To that portion of the charge of the court contained in the following extract: —

"Now, I instruct you that this complaint, on the face of it, not only does not state facts which constitute the crime of forgery, or any crime, it merely shows that the plaintiff signed an

acceptance thus: Joseph Schmidt, per William Hahn; and this in law does not constitute a forgery. Yet the facts stated in the complaint, although not constituting the crime of forgery, may be true, and if made to the justice in good faith, and the justice, upon the facts so stated, adjudged the offense to be forgery, and issued his warrant under which the arrest was made, then, under such circumstances, the defendant would not be liable, and you are, therefore, instructed that if you find that the facts stated in the affidavit or the complaint upon which the plaintiff was prosecuted were true, and· defendant at the time believed the facts to be true, then the defendant cannot be held liable in this action, even though such facts do not technically constitute a crime. Do not misapprehend my instruction. You must find that the charge made or facts stated are true, and that defendant so knew or believed, before this complaint can form a defense.

" In determining whether this complaint was in fact true, you should consider whether, in making the complaint, the defendant suppressed any facts shown by the evidence to be known by him. In this connection you may consider the restriction placed upon the plaintiff in the power of attorney, which rendered the acceptance void, and also the evidence on the subject of the circumstances under which the acceptance was made."

2. To the refusal of the court to give in this connection an instruction, asked by the plaintiff, of which the following is a copy:—

" That in order for such complaint to be made in good faith by Schmidt, he must have supposed that at the time he made it he was responsible upon the acceptance, and that it charged him with the payment of the money."

The complaint referred to is in the form of an affidavit made by the defendant before a justice of the peace, who thereupon issued a warrant for the arrest of the plaintiff, and upon which he was arrested and brought before the justice on a charge of forgery. The charge was dismissed.

The only question which arises upon the record is, whether one who makes, before a committing magistrate, an affidavit stating facts conceded to be true, which the magistrate errone-

ously supposes constitute a crime, and proceeds accordingly, is liable in damages to the person whom the magistrate causes to be arrested upon such affidavit.

In *Leigh* v. *Webb*, 3 Esp. 164, Lord Eldon ruled that if a party makes a complaint before a justice, which the justice conceives to amount to a felony, and issues his warrant against the party complained against, and the facts do not amount to felony, no action for malicious prosecution will lie against the party who made the complaint. In *Cohen* v. *Morgan*, 6 Dowl. & R. 8, Abbott, C. J., said: "There is nothing in the defendant' conduct to show that he was influenced by malice. To support the averment of malice it must be shown that the charge is wilfully false. But here, according to the evidence, the defendant merely related his story to the magistrate, leaving it to him to determine whether the facts amounted to felony."

Referring to *Cohen* v. *Morgan, supra,* Lord Denman, in *Carratt* v. *Morley,* 1 Gale & D. 275, said: "It is clear from that and other cases, and upon principle, that a party who merely originates a suit by stating his case to a court of justice, is not guilty of trespass, though the proceeding should be erroneous or without jurisdiction."

We are unable to find any English case in which *Leigh* v. *Webb, supra,* has been overruled, or the soundness of the views expressed by Lord Eldon even questioned. In *McNeely* v. *Driskill,* 2 Blackf. 259, *Leigh* v. *Webb* was cited and followed.

But in order to constitute a defense to an action for malicious prosecution the facts stated in the complaint, if they do not constitute a crime, must nevertheless be true. (*Dennis* v. *Ryan,* 63 Barb. 145; *Collins* v. *Love,* 7 Blackf. 416; *Forrest* v. *Collier,* 20 Ala. 175; *Anderson* v. *Buchanan,* 8 Ind. 432; *Forbi* v. *Danks,* 30 Eng. L. & Eq. 115.)

The court not only so charged the jury, but went further than any case which has fallen under our observation goes, and charged that the defendant must have believed at the time of making the complaint that the facts stated in it were true, in order to shield himself from liability.

In each of the cases cited by appellant's counsel, the complaint on which the warrant for the arrest of the party issued charged him with a criminal offense, or if it did not, was false, as in

*Dennis* v. *Ryan*, 63 Barb. 145. In *Sutton* v. *McConnell*, 46 Wis. 269, the defense was that the facts which the defendant stated to the magistrate did not constitute the offense charged in the complaint. But the defendant swore to the complaint and the court held that he could not avail himself of the statement which he made to the magistrate, a person unlearned in the law, and his advice thereon, before the complaint was prepared, as a defense to an action of malicious prosecution, based upon his having caused the arrest of the plaintiff on a false and malicious charge.

The charge of the court was as favorable to the plaintiff as the law would admit of its being; and the instruction asked and refused was properly refused. It is not necessary that a party who makes a complaint charging another with forgery should suppose that he, the party making the complaint, is responsible upon the forged instrument in order to constitute good faith in making the complaint. A party is never responsible for an unauthorized use of his name.

Judgment and order affirmed.

THORNTON, J., and MYRICK, J., concurred.