PETER NAVARINO, PLAINTIFF IN ERROR, v. FELIX DUDRAP, DEFENDANT IN ERROR.

Submitted July 9, 1901—Decided November 15, 1901.

1. From the falsity of an affidavit upon which an arrest was procured, malice and want of probable cause may be inferred.
2. Where a person makes an affidavit as to facts which do not constitute a crime, but which a judicial officer holds to be a crime, and procures another thereby to be imprisoned, he is liable to an action for malicious prosecution, if his affidavit is false, malice and want of probable cause being found.

On error.

For the plaintiff in error, *McEwan & McEwan.*

For the defendant in error, *Crouse & Perkins.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is an action for malicious prosecution, in which the plaintiff (Navarino) was nonsuited.

Dudrap, the defendant, made an affidavit September 20th, 1899, before a justice of the peace, charging "that on the thirteenth day of May, 1899, at the town of West Hoboken, Navarino [the plaintiff] did designedly and. feloniously and by false pretense that he went to the store of deponent and represented that he was sent to get a lot of goods amounting to twenty-two dollars and fifteen cents by said Julet Dudrap, with intent to cheat and defraud the said Julet Dudrap, and therefore he prays that the said Navarino may be apprehended and held to answer to said complaint."

The justice issued a warrant upon this complaint, upon which the plaintiff was arrested and imprisoned for sixty-eight days. He was tried in the Quarter Sessions and found not guilty, and was thereupon discharged from custody.

These facts were proven on the part of the plaintiff, who

also testified that on the day before the 13th of May, 1899, the defendant gave him a list of goods he was to have, as the defendant expected to be away from his saloon on the 13th.

He further testified that all the goods he received from defendant were taken by him by the consent of the defendant on an agreement that he was to sell them as agent for the defendant. How Julet Dudrap was connected with this transaction does not appear, but it does appear sufficiently from the testimony that the affidavit of the defendant was untrue.

At the close of the plaintiff's case, the counsel of the defendant moved for a nonsuit on two grounds:

*First.* Because it had not been shown that the proceedings against plaintiff had been instituted maliciously and without probable cause.

*Second.* Because the affidavit charged no crime for which a warrant could lawfully be issued.

For which of these reasons the nonsuit was granted does not appear.

From the untruthfulness of the facts stated in the affidavit malice and want of probable cause could be inferred, and therefore the nonsuit cannot be justified for the first reason.

Whether an action for malicious prosecution can be maintained where the facts sworn to by the defendant, upon which the warrant issued, did not constitute a crime, has been frequently the subject of judicial consideration.

The distinction established by the cases is that where the affiant states the facts truly, and the judicial officer thereupon does an act which the law will not justify, the affiant is not liable, because in that case the grievance complained of arises from the mistake of the judge, and from no wrongful act of the affiant.

But where the affiant falsely and maliciously states the facts untruly, and procures, as in this case, a warrant to be issued, he becomes responsible for the prosecution and arrest, because if he had not made the false affidavit and asked for the issuing of a warrant, the judicial officer could not, and would not, have decided that criminal process should issue.

The machinery of the criminal law is thereby put in operation by the act of the person who makes the affidavit.

In *Dennis* v. *Ryan, 63 Barb.* 145, the facts sworn to by defendant did not constitute a crime, but were shown to be untrue, and therefore the action for malicious prosecution was sustained.

The court held that where a party, knowing that a certain act does not constitute a crime, procures another to be indicted for a crime, or where he supposes and believes that such act if done by another would constitute a crime, and falsely and maliciously accuses such other of the commission of the act and causes him to be indicted, the action for malicious prosecution lies.

To like effect are the following cases: *Streight* v. *Bell,* 37 *Ind.* 550; *Collins* v. *Love,* 7 *Blackf.* 416; *Forrest* v. *Collier,* 20 *Ala.* 175.

The case of *Dennis* v. *Ryan, supra,* was taken to the New York Court of Appeals and there affirmed; the court of last resort adhered to the distinction between a truthful and a false affidavit. *Dennis* v. *Ryan,* 65 *N. Y.* 385.

In *Hahn* v. *Schmidt,* 64 *Cal.* 284, the court said that, in order to constitute a defence to an action for malicious prosecution, where the facts stated in the affidavit do not constitute a crime, it must appear that the affidavit is true.

This is the reasonable and just rule, and it is supported by the weight of authority.

The judgment below should therefore be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, DEPUE (CHIEF JUSTICE), VAN SYCKEL, DIXON, GARRISON, GUMMERE, FORT, GARRETSON, HENDRICKSON, BOGERT, ADAMS, VREDENBURGH, VOORHEES, VROOM.   14.