[L. A. No. 1476. Department One.—April 22, 1904.]

## J. HARRINGTON, Appellant, v. J. F. TIBBET, Respondent.

MALICIOUS PROSECUTION—ARREST FOR CRIME—OBTAINING MONEY UNDER FALSE PRETENSES—INSUFFICIENT CHARGE—FALSE PROMISES.— An action for damages for a malicious prosecution will lie where the defendant maliciously and without probable cause procured the arrest and imprisonment of plaintiff for felony under a false charge of having obtained money under false pretenses, notwithstanding it appears that the complaint for arrest did not state facts sufficient to constitute a public offense, for the reason that the false pretenses and promises charged related to future events, and not to past or existing facts.

ID.—DEMURRER TO COMPLAINT.—Upon demurrer to the complaint for malicious prosecution the facts alleged must be accepted as true, that the arrest was malicious and without probable cause; and upon such demurrer the case cannot be considered as one where there was a fair and full statement of facts to the magistrate, who came to an erroneous conclusion that a crime was committed, nor as one where the offense charged was not a crime. The demurrer should have been overruled.

ID.—INJURY TO PLAINTIFF—GROUND OF ACTION.—The injury to the plaintiff is the same, whether the malicious criminal prosecution was instituted on a false statement of facts or a false conclusion of law. The action lies not solely because of the danger of punishment, but because of the disgraceful imputation put upon the plaintiff, the injury caused by his arrest, and the trouble and expense he was put to in defending himself.

APPEAL from a judgment of the Superior Court of Riverside County. J. S. Noyes, Judge.

The facts are stated in the opinion.

Gill & Densmore, for Appellant.

M. Estudillo, and Collier & Carnahan, for Respondent.

COOPER, C.—Action for malicious prosecution. The trial court sustained defendant's demurrer to the complaint without leave to amend. Judgment was thereupon entered for defendant, and this appeal is from the judgment.

The complaint alleges that on the twentieth day of August, 1903, the defendant maliciously, intending to injure plaintiff in his good name and reputation, appeared before a justice of the peace of Riverside County, and without probable cause falsely charged plaintiff with having committed a felony,— to wit, with having obtained money under false pretenses. The complaint then alleges the facts and circumstances that were set forth in the complaint in the justice's court, which were, that the plaintiff in this action designedly, falsely, and feloniously did represent and pretend that he could purchase certain personal property at certain figures, and that if defendant would advance to him one hundred and eighty dollars, he (this plaintiff) would purchase the said property, and give it, with other property, to defendant as security; that defendant, by reason of the said representations, loaned to this plaintiff the said sum of one hundred and eighty dollars, and that the said representations were false, and that plaintiff did not purchase the said personal property, nor give to defendant the security promised; that defendant maliciously and without probable cause procured the justice of the peace to issue a warrant for the arrest of plaintiff, and that he was, under the said warrant, arrested and imprisoned for six hours; that the defendant failed to appear or prosecute the said charge against this plaintiff, and the proceeding was finally dismissed and plaintiff discharged from custody.

For the purpose of passing upon the demurrer we must presume that the facts stated in the complaint are true. It may be conceded that the complaint in the justice's court did not state facts sufficient to constitute a public offense for the reason that the pretenses and promises made by plaintiff were with reference to future events and not as to past or existing facts. There is no question that it is alleged that plaintiff was maliciously prosecuted for a crime without probable cause. He was charged with a felony in obtaining money under false pretenses. The question, then, is as to whether or not a party who institutes a malicious prosecution for a public offense without probable cause can defend himself upon the ground that the complaint sworn to by him, when analyzed under the rules of law, is found to be defective, and does not in fact state a public offense. If such be the rule,

any one could institute a malicious prosecution for a public offense wholly without cause, have the complaint drawn with sufficient cunning to avoid stating facts sufficient when tested in court, procure the arrest and humiliation of the defendant, cause him the expense of employing an attorney and attending court, and when the defendant is thus brought into court dismiss the action and shield himself from all harm by saying, "I did maliciously arrest and prosecute you, but the facts as stated by me do not show that you committed any crime, and hence I am not liable in damages."

The rule is well settled that the injured party may recover damages for malicious prosecution, which is defined "A wanton prosecution made by a prosecutor in a criminal proceeding, without probable cause, by a regular process and proceeding, which the facts do not warrant, as appears by the result." (Bouvier's Dictionary, Rawles's revised edition.) · The facts of this case, as stated, show defendant to be liable. He was the malicious prosecutor in a criminal proceeding. He went before the justice of the peace who had the right to issue a warrant for the arrest of a person charged with obtaining money under false pretenses. He charged the plaintiff with the crime of obtaining money under false pretenses as a conclusion, even if the facts did not show the crime in technical language. He procured the warrant to issue, and had the plaintiff arrested. If the complaint is true, it is not a case where a fair and full statement of the facts was made to the justice, and the justice came to the wrong conclusion as to whether or not a crime had been committed; nor is it a case where something is charged which is not a crime. It is not necessary therefore to analyze the law and cases as to such condition of facts. It is said in Newell on Malicious Prosecution (p. 30) that there is some authority for the proposition that the prosecution must be by *sufficient* indictment or complaint; but, says the author, "the weight of the authorities is, however, the other way, and good sense and reason are with those authorities; for when one maliciously, and without probable cause, subjects another to a criminal prosecution, the injury is the same whether it is instituted on a false statement of facts or a false conclusion of law. If the reason for the action lay solely in the danger

of punishment in which the man is put, it might be otherwise. But the action lies because of the disgraceful imputation put upon him, the injury caused by his arrest, and the trouble and expense he is put to in defending himself."

The rule is thus stated by Lord Campbell, C. J., (in *Farlie* v. *Danks,* 30 Eng. Law and Eq. R. 115): "I think all that is necessary is that the defendant should falsely and maliciously cause the act to be done; and he did cause it, because, if he had not presented his petition and made a false affidavit, the judge could not and would not have made the adjudication. I should have been surprised and grieved to find any decision of our courts that the action was not maintainable. There is no doubt that if a person truly states to a judge, and the judge thereupon does an act which the law will not justify, the party who made the statement is not liable, because in that case the grievance complained of arises not from the false statement of the party but from a mistake of the judge. It would be strange if where a court is put in motion by a false and malicious statement, it should depend upon a nice question of law whether there was a remedy or not."

The supreme court of Missouri held the same in a proceeding similar to this where the crime charged was obtaining money or property under false pretenses. (*Stocking* v. *Howard,* 73 Mo. 27.) The court said: "The law would be very defective if a malignant person, for the gratification of his malice, could by the use of its process procure the arrest and imprisonment of one to whom he was inimical, and when sued for the wrong, successfully defend on the ground that the affidavit made by him for that purpose did not sufficiently describe the offense for which the party was arrested. Whether the affidavit be good or bad, the party who made it thereby procured the warrant, and under it the arrest and imprisonment of the party, and the scandal and imprisonment are not the less hurtful to the person aggrieved that the affidavit did not describe the offense with such accuracy as warranted the subsequent proceedings." And all the well-considered cases hold the same. (See *Shaul* v. *Brown,* 28 Iowa, 37;[1] *Potter* v. *Gjertsen,* 37 Minn. 386; *Kline*

[1] 4 Am. Rep. 151.

CXLIII. Cal.—6

v. *Shuler*, 30 N. C. 484[1]; *Ward* v. *Sutor*, 70 Tex. 343;[2] *Dennis* v. *Ryan*, 65 N. Y. 385;[3] *Bell* v. *Keepers*, 37 Kan. 64; *Streight* v. *Bell*, 37 Ind. 550.)

Respondent relies upon *Hahn* v. *Schmidt*, 64 Cal. 284, and *Krause* v. *Spiegel*, 94 Cal. 370.[4] These cases are not in conflict with what we have said. In the first case the court discussed certain instructions to the effect that if a party should go to a justice of the peace in good faith and make affidavit to facts which were true, and which the party knew to be true, and the justice upon the facts stated concluded that forgery had been committed, such party would not be liable, although technically the fact did not constitute forgery. That is quite different from going maliciously and falsely and instituting a prosecution, as the complaint alleged was done in this case. It was said in the opinion: "In order to constitute a defense to an action for malicious prosecution, the facts stated in the complaint, if they do not constitute a crime, must nevertheless be true." In the latter case the prosecution was for *slander*, and it was held that there being no such crime as slander the action for malicious prosecution would not lie, but it was said that an action would lie in such case for false imprisonment. The case is very different from this, where a crime is charged, but by a defective complaint.

It follows that the judgment should be reversed and the court below directed to overrule the demurrer.

Harrison, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below directed to overrule the demurrer.        Shaw, J., Angellotti, J., Van Dyke, J.

---

[1] 49 Am. Dec. 402.

[2] 8 Am. St. Rep. 606.

[3] 22 Am. Rep. 635, and note.

[4] 28 Am. St. Rep. 137.