FRANK IZZO, RESPONDENT, v. THOMAS VISCOUNT, APPELLANT.

Argued June 5, 1906—Decided November 12, 1906.

It is not sufficient, to sustain an action for malicious prosecution, to prove that the affidavit upon which the arrest was made was false; it must also appear that the affiant either knew it was false or did not have reasonable and probable cause to believe it to be true.

On appeal.

Before Justices FORT, GARRETSON and REED.

For the appellant, *John R. Connolly* and *James C. Connolly.*

For the respondent, *William R. Wilson.*

The opinion of the court was delivered by

FORT, J. This is an appeal from the District Court of the city of Elizabeth.

The action was in tort for malicious prosecution.

The state of demand sets out that the defendant caused the arrest of the plaintiff upon a charge preferred before the Police Court of the city of Elizabeth for trespassing upon the defendant's lands, and alleges that, upon hearing, the proceedings in that court were dismissed and the defendant discharged, and sets forth that the prosecution was malicious and without probable cause.

The offence alleged for which the defendant was arrested was for dumping night soil upon the lands of the plaintiff.

The complaint in the Police Court was made under the supplement to the Disorderly act which makes it an offence under that act to maliciously destroy, damage or injure any property. *Pamph. L.* 1905, *p.* 339.

It was contended that this statute was not intended to apply to real estate, but to injuries to personal property only. But whether this view is correct or not, it is unnecessary to decide, as the defendant here was advised that the complaint he made was a legal one, and the justice accepted it as such. If the facts he gave on which it was based were true, then malicious prosecution will not lie. But if the facts stated were found to be false, and he falsely and maliciously caused the party to be arrested, the action lies.

Malice and want of probable cause will be inferred where the affidavit is knowingly false.

Under the facts proven in the cause in the District Court, as certified, this action could not be sustained on the ground that the offence charged in the complaint, on which the plaintiff in this case was arrested, was not a crime, because the defendant in this action, and the complainant in the Police Court, was advised by his counsel that the facts stated by him constituted ground for the arrest of the defendant in the Police Court proceeding and the plaintiff here, and the justice accepted the complaint and charge therein contained and issued his warrant thereon.

In this state of the proof but a single question remained, and that was, Did the complainant in the Police Court proceeding know that the facts he was stating to his counsel and

the police justice were false? If he did, then action will lie. If he did not, but stated them honestly and truthfully as he understood them, then action will not lie.

Justice Van Syckel, in *Navarino* v. *Dudrap,* 37 *Vroom* 620, states the rule this way: "Where the affiant falsely and maliciously states the facts untruly, and procures, as in this case, a warrant to be issued, he becomes responsible for the prosecution and arrest, because if he had not made the false affidavit and asked for the issuing of a warrant, the officers could not and would not have decided that criminal process should issue."

But I do not think that this language, as quoted, was intended to convey the impression that the mere fact that the statement of the affiant, in the affidavit upon which the arrest was made, was false, was sufficient to maintain an action for malicious prosecution, because, Mr. Justice Van Syckel says, that it is only where the affiant "falsely and maliciously states the facts untruly." Maliciously, as used in the sentence quoted, of course, means intentional. The mere untruthfulness, therefore, of an affidavit, without knowledge that it is an untruthful affidavit, will not impute malice. An affidavit may be false, but if the jury believe under the proof that the affiant had reasonable and probable cause to believe it true, malicious prosecution will not lie.

Mr. Justice Pitney, in *McFadden* v. *Lane,* 42 *Vroom* (at *p.* 630), says: "Malice in the law is the intentional doing of a wrongful act, without just cause or excuse. *King* v. *Patterson,* 20 *Id.* 417. An accusation of larceny is justified if the party accused be found guilty. It is excused if probable cause be found for the making of the accusation, although the prosecution result in acquittal. In the absence of either guilt or probable cause to charge guilt, a sworn accusation of larceny, made as the basis of a criminal prosecution, is wrongful, and where intentionally made it may reasonably be found to be malicious."

At the trial in this cause the court charged the jury: "Was the affidavit true or false? From the falsity of the affidavit

upon which an arrest is procured, malice and want of probable cause may be inferred."

We do not think that this statement of the law is accurate under our decisions. It left the jury to find the defendant guilty if the facts stated in the complaint were not true, whether he had or had not reasonable and probable cause for stating them, and whether he did or did not believe them to be true.

The judgment of the District Court is set aside and a new trial granted.