[S. F. No. 5328.    Department One.—February 24, 1910.]

## FRED W. JOHNSON, Respondent, v. SOUTHERN PACIFIC COMPANY and ROBERT McMONIGAL, Appellants.

MALICIOUS PROSECUTION — CRIMINAL CHARGE — ALTERING RAILROAD TICKET—PROBABLE CAUSE—VERDICT AGAINST EVIDENCE.—In this action to recover damages for the malicious prosecution of the plaintiff by the defendants upon a criminal charge of altering a railroad ticket with intent to defraud, it is held that a verdict for the plaintiff is against the evidence, which clearly shows that there was probable cause for the criminal prosecution.

ID.—NATURE OF PROBABLE CAUSE—REASONABLE BELIEF OF TRUTH OF CHARGE.—Probable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in believing that the charge is true. If the facts known are of such character as to induce in the mind of a reasonable man the honest belief that a crime has been committed, he is justified in seeking to have the crime punished.

ID.—PROBABLE CAUSE WHEN A QUESTION OF LAW—ABSENCE OF CONFLICT.—When there is no conflict in the evidence, the question whether or not the evidence introduced for the plaintiff shows probable cause is always for the court to decide; and it is error in such case, where there is probable cause, to submit any question to the jury.

ID.—DUTY OF PERSON PROSECUTING OFFENSE—FULL INVESTIGATION NOT REQUIRED.—It is not necessary that the person instituting the criminal prosecution shall make a full investigation of the crime itself, or seek to ascertain whether there are other facts relating to the offense, or to try to find out whether the accused has any defense to the charge. He is not required to exhaust all sources of information bearing upon the facts which have come to his knowledge.

Id.—Evidence Tending to Show Alteration of Ticket—Plaintiff
    Not Excused.—Where the conductor as co-defendant testified to
    his practice, in granting stopovers, to write the number of the
    station, whereby he knew, for that and other reasons, including
    proof of plaintiff's handwriting, that the ticket had been altered
    from a stopover, at Pajaro, so as to read San Jose, and had been
    sold by plaintiff to another person, so as to call for another ride
    from San Jose to Pajaro, the objection that the conductor had not
    stated that practice to counsel, if true, could not render plaintiff
    guiltless of the offense.

Id.—Statement of Facts to Counsel in Good Faith—Probable.
    Cause Shown.—In addition to the proposition that the evidence
    adduced was of itself sufficient to show probable cause for the
    prosecution, the defendants were also entitled to the benefit of the
    rule that where one, before instituting a prosecution for crime, has
    in good faith consulted an attorney at law of good standing, has
    stated to him all of the facts of the case, and has been thereupon
    advised by such counsel that a prosecution would lie, and such
    person has acted honestly upon that advice, this of itself constitutes.
    probable cause.

Id.—Preliminary Examination—Holding of Accused to Answer—
    Prima Facie Evidence of Probable Cause.—Where the accused.
    person has had a preliminary examination upon the offense charged
    of altering the railroad ticket, and has been held to answer thereto.
    in the superior court, this is *prima facie* evidence of the existence of
    probable cause for the prosecution; and where there was no evidence.
    in contradiction of the *prima facie* evidence made by the commit-
    ment, but on the contrary the evidence tended to confirm it, the.
    probable cause is fully established.

APPEAL from a judgment of the Superior Court of Santa.
Cruz County and from an order denying a new trial. Lucas.
F. Smith, Judge.

The facts are stated in the opinion of the court.

William T. Jeter, and Joseph H. Skirm, for Appellants.

George P. Burke, and Carl E. Lindsay, for Respondent.

SHAW, J.—This is an action to recover damages alleged'
to have been caused by a prosecution initiated by the defend-
ants against the plaintiff, which plaintiff avers was done-
maliciously and without probable cause. The answer denied
the material allegations of the complaint, including the alle-
gation of want of probable cause. There was a verdict for-

the plaintiff and judgment was entered accordingly. The defendants' motion for a new trial was denied. Appeals are taken both from the judgment and from the order denying a new trial.

The only question which it is necessary to notice is the contention of the defendants that the verdict is not sustained by the evidence. The particular point upon which they claim that the evidence is insufficient is the issue relating to the existence of probable cause for the prosecution. The plaintiff was prosecuted for an alleged violation of section 481 of the Penal Code. This section, among other things, declares that "every person who . . . alters any ticket, . . . issued by any railroad company, . . . designed to entitle the holder to ride in the cars . . . of such company . . . with intent to defraud any such railroad . . . company is punishable by imprisonment," etc. It was charged that the plaintiff on December 26, 1903, altered a railroad ticket, theretofore issued by the defendant company for passage from San Francisco to Santa Cruz, by indorsing on the back thereof the words "San Jose," on a blank line stamped thereon under the words "Stopover granted at," with intent then and there to defraud the said company, and that, having so altered the said ticket, plaintiff uttered and put the same in circulation as genuine and true to one Sam Hawkins, with intent to defraud the said Hawkins and the said company.

The evidence shows that, at the time of instituting and while carrying on the said prosecution against the said plaintiff, the defendant McMonigal and the agents of the defendant company in charge of the prosecution either had personal knowledge or credible information of the following facts: The Southern Pacific Company was operating a line of railroad from San Francisco through Pajaro to San Luis Obispo and beyond, and also a branch line from Pajaro to Santa Cruz. It was also operating a shorter direct line to Santa Cruz, by way of Los Gatos. The shorter line controlled the price of through tickets, the result being that tickets from San Francisco to Santa Cruz were sold for about the same price as tickets to Watsonville, a place on the branch line near Pajaro. Owing to this condition, it was customary for persons going to Watsonville or Pajaro to buy a ticket to Santa Cruz, and after arriving at the end of their proposed journey, to sell

the remainder of the ticket entitling the holder to proceed from there to Santa Cruz. These tickets were transferable, good for six months and included stopover privileges. On the back thereof was printed the words "Stopover granted at," with a blank line beneath the same, upon which it was intended that the conductor from whom the stopover privilege was asked should insert a statement showing the point at which the stopover was granted. Tickets of this character which had been used as far as Pajaro had been sometimes altered by writing on the blank line aforesaid words indicating that a stopover had been given at San Jose, and such altered tickets had been used by persons traveling from San Jose to Pajaro, thus obtaining two rides upon one ticket over the same portion of the road. On November 18, 1903, the defendant company issued a ticket to some person unknown for passage from San Francisco to Santa Cruz. This ticket was soon afterwards presented to the defendant McMonigal, who was the conductor in charge of the train, for passage from San Francisco to Pajaro and was punched by him to indicate that it was so used, and was thereupon by him given back to the passenger. This was done because McMonigal's train ran to San Luis Obispo, and it was necessary for the passenger to Santa Cruz to have his ticket to present to the conductor of the train which carried him from Pajaro to Santa Cruz. On the twenty-sixth day of December, 1903, this ticket was again presented to the defendant McMonigal by Sam Hawkins for passage from San Jose to Pajaro. At that time it had, written on the blank line, the words, "San Jose." Hawkins had boarded the train at San Jose with intent to travel from there to Pajaro upon the said ticket. He then stated to McMonigal, and afterwards to the agents of the defendant company, that he had purchased the ticket, thus altered, at Watsonville, from the plaintiff Johnson, to be used from San Jose to Pajaro, and that he was to pay Johnson therefor, after having used it for such passage. When the ticket was presented, McMonigal told Hawkins that the ticket had already been used as far as Pajaro, took up the ticket and compelled Hawkins to pay fare. Samples of Johnson's handwriting were procured and compared with the handwriting of the words "San Jose" on the back of the ticket. The handwritings resembled so much that the agents of the defendant company, who were men of

experience in comparing handwritings, believed that Johnson had written those words on the ticket and so advised McMonigal. These exemplars, together with the ticket, were submitted to a reputable expert in handwriting, who gave a written opinion to the defendants to the effect that Johnson had written the words "San Jose" on the back of the ticket. Johnson, himself, upon being questioned by the district attorney and the persons acting for the defendant company and McMonigal, denied that he had ever seen the ticket or that he had sold it or given it to Hawkins, and upon their request he wrote in their presence the names of several stations on the road, including San Jose. Johnson was a hotel keeper at Watsonville.

There was no attempt to contradict the evidence showing these facts, nor was there any evidence tending to prove that the defendant McMonigal and the agents of the railroad company were not acting in entire good faith and in the full belief that the facts aforesaid were true, or that they had knowledge or information of other facts tending to exculpate plaintiff.

These facts were all related to an attorney at law at San Jose, employed by the defendant company for that purpose, and his advice was asked concerning the same. Thereupon he stated that the plaintiff was guilty of a violation of the aforesaid section of the Penal Code and advised that he be prosecuted therefor. He and McMonigal as agents for the railroad company then went to Santa Cruz and laid the facts before the district attorney of Santa Cruz County, who, after questioning Johnson as above stated, also stated that the facts sufficed to show that the plaintiff had violated the aforesaid section and advised the prosecution. Thereupon the complaint charging a violation of the said offense was sworn to by the defendant McMonigal and filed with a justice of the peace in Santa Cruz. The plaintiff was arrested upon said charge and a preliminary examination was had. After hearing the evidence, the plaintiff was committed to the superior court to answer the said charge.

We think the facts above related were sufficient to constitute probable cause. "Probable cause is a suspicion founded upon circumstances sufficiently strong to warrant a reasonable man in the belief that the charge is true. Where there is no conflicting testimony the question whether or not the

evidence introduced by the plaintiff shows want of probable cause is always for the court to decide, and it is error in such case, where there is a proof of probable cause, to submit any question to the jury." (*Davis* v. *Pacific etc. Co.,* 127 Cal. 319, [57 Pac. 765].) As to the duty of the person instituting such prosecution it is said: "It is not necessary that he shall institute an investigation of the crime itself, or seek to ascertain whether there are any other facts relating to the offense, or try to find out whether the accused has any defense to the charge. He is not required to exhaust all sources of information bearing upon the facts which have come to his knowledge." (*Dunlap* v. *New Zealand etc. Co.,* 109 Cal. 371, [42 Pac. 30].) In the same case the court also says: "The facts within his knowledge may not in point of law constitute a crime, but if they are of such character as to induce in the mind of a reasonable man the honest belief that a crime has been committed, he is justified in seeking to have the crime punished." (p. 369.)

The defendant McMonigal testified that it was his practice when indorsing stopovers on the back of such railroad tickets to insert, not the name of the station, but the station number as established by the railroad company, and that it was for this reason, among others, that he knew that the ticket had been altered. It is claimed that this practice of McMonigal was not disclosed to the attorneys who gave the advice to begin the prosecution. This claim, however, is not borne out by the evidence. It satisfactorily appears that this and all the other facts bearing upon the case were fully stated to the attorneys and to the district attorney at the time their advice was asked. Moreover, that fact alone would not make the plaintiff guiltless of the offense.

In addition to the proposition that the evidence was of itself sufficient to constitute probable cause for the prosecution, the defendants were also entitled to the benefit of the rule that where one, before instituting such a prosecution, has in good faith consulted an attorney at law of good standing, has stated to him all of the facts of the case, and has been thereupon advised by such attorney that a prosecution would lie, and such person has acted honestly upon that advice, this, of itself, constitutes probable cause. The question is fully discussed and settled in *Dunlap* v. *New Zealand etc. Co.,* 109 Cal. 371,

[42 Pac. 30]. In addition to this it was shown that, after the taking of the evidence upon the preliminary examination, the committing magistrate adjudged that the plaintiff was probably guilty of the offense and made the order committing him to answer thereto in the superior court. It is settled law that this is *prima facie* evidence of the existence of probable cause for the prosecution. (*Ganea* v. *Southern Pacific R. R. Co.*, 51 Cal. 140; *Hahn* v. *Schmidt*, 64 Cal. 286, [30 Pac. 818]; *Diemer* v. *Herber*, 75 Cal. 390, [17 Pac. 205]; *Holliday* v. *Holliday*, 123 Cal. 32, [55 Pac. 703].) There was no evidence in contradiction of the *prima facie* case made by this commitment, but on the contrary the evidence tended to confirm it. The uncontradicted evidence in the case therefore shows the existence of probable cause in three separate ways: 1. Because the facts of themselves are such as to justify a reasonable man in believing that the plaintiff was guilty of the offense; 2. Because upon a full statement of the case the attorney of the defendant company and the district attorney of the county were consulted by defendants and they having advised to the same effect, the prosecution was made in good faith relying thereon; and 3. Because upon the hearing the plaintiff was held to answer by the magistrate.

Upon the evidence as presented, the court should have given the instruction asked by the defendants directing the jury to return a verdict in their favor, and should have granted the motion for a new trial afterwards presented by the defendants.

The judgment and order are reversed.

Angellotti, J., and Sloss., J., concurred.